Louis I. Kaplan, J.
This is an appeal from an order of the City Magistrates’ Court, entered on March 18, 1957, revoking probation and committing the defendant to the New York City Reformatory for an indefinite period not to exceed two years.
Appellant was convicted on February 17, 1956 in the Magistrates’ Court, New York County, for a violation of section 722-b of the Penal Law, and thereafter, on March 9, 1956, was placed on probation for a period not to exceed one year. By its terms, the probationary period was to expire no later than March 8, 1957. Prior to the expiration of the probationary period of the appellant, an affidavit of complaint was filed by Probation Officer Marcus on December 26, 1956 charging that the appellant violated the terms and conditions of probation in that he failed to report on December 3, 10, 17, and 20, 1956 when he was specifically directed to do so. Upon the facts set forth in the affidavit of the probation officer a warrant for the arrest of the appellant was ordered by the Magistrate, which warrant was turned over to the appropriate officer for execution on December 26,1956.
On March 15, 1957 the appellant was taken into custody, and was arraigned before the Magistrates’ Court on the charge of violation of probation. He was advised of the facts alleged to constitute the violation of probation, and of his right to be heard. The appellant requested an opportunity to consult counsel and the matter was adjourned to March 18, 1957 — the court stating as follows:
the court : ‘ ‘ Put it on for Monday, March 18th, Remand. Put him in jail until Monday.”
On March 18, 1957 the appellant appeared before another Magistrate (without a lawyer) and was again advised of the facts alleged to constitute the violation of probation and was found guilty after a hearing and was sentenced to the New York City Reformatory for an indefinite period not to exceed two years.
*127 The appellant raises the following contentions:
1. The appellant was deprived of his constitutional rights to counsel.
2. The evidence upon which the judgment was based was wholly insufficient.
3. The sentence imposed was excessive.
4. The Magistrate lacked jurisdiction to revoke the probation.
The circumstances giving rise to contentions 1, 2 and 4 are based upon the law and the facts contained in the record.
Revocation of probation is a matter of discretion of the court. There are no limiting requirements as to the manner of the hearing or determination. A probationer brought before the court for such determination, without being furnished counsel, has not been deprived of his constitutional rights. (Gillespie v. Hunter, 159 F. 2d 410.) A hearing on a charge of probation violation is in the nature of a summary proceeding and is not a ‘ ‘ criminal prosecution”. (United States v. Hollien, 105 F. Supp. 987.)
However, the trial of an issue of fact to decide whether a probationer shall serve his suspended prison term is as important to him as the trial for the crime for which he was placed on probation. He should be allowed to test the truth of the facts claimed to support the revocation of his probation. He must be given the opportunity to explain away the accusation of violation of probation and it would seem elementary that the probationer be given an opportunity to obtain counsel, if requested, the assistance of witnesses, to attack or deny the charges, and to be convicted only by evidence reasonably satisfactory to satisfy the judge that the alleged violation occurred. The Code of Criminal Procedure (§ 935) provides that the probationer be given “ an opportunity to be heard ” which is merely a statutory expression of the concept of American justice. (Escoe v. Zerbst, 295 U. S. 490; People v. Oskroba, 305 N. Y. 113.)
The right to a fair trial is deep-rooted in our tradition of American justice, and to guarantee this right our founding fathers set forth in the Constitution the guarantee that “No person shall be deprived of life, liberty or property without due process of law.” (N. Y. Const. art. I, § 6) It is the duty of the court to hold inviolate the rights of a defendant regardless of the judicial proceeding and the assistance of counsel in every stage of the proceedings in order that the defendant may be fully and completely heard. In my opinion, the courts are duty bound to guarantee the safeguards provided by law and not permit them to be flouted. When the courts permit a defendant’s *128 rights to be disregarded and his constitutional safeguards violated, our cherished freedoms will slowly start to disappear, and our form of Government will no longer be truly “ of, for and by the people.”
In the instant case, appellant requested counsel and, in my opinion, was not given an adequate opportunity to obtain same; was convicted under circumstances whereby he was not given the proper inquiry to fit the needs of the occasion. Although the quantity of proof needed to support a criminal conviction is not required to support a discretionary order revoking probation, and though a judge need not have evidence that would establish the violation of probation beyond a reasonable doubt, the evidence and facts must be such as to reasonably satisfy the judge that a violation of probation has occurred and to this end a proper inquiry is necessary. The only evidence offered was the testimony of a probation officer unconnected with the case who explained the supervision record of the .probation officer previously assigned to the case (whose absence was explained only by the fact that he was no longer with the Department of Probation) and who gave his opinions and conclusions as to what he thought was shown by the record. No foundation was laid for the introduction into evidence of the supervision record, nor was it offered into evidence. The appellant did not take the stand but was asked questions in a summary fashion by the court. The appellant in reply to the questions of the court stated that he was told by the probation officer to appear on December 3, 10, 17 and 20; that he called the probation officer and that he appeared on two or three of the days. It is admitted that appellant appeared on December 18th and was told to appear on the 20th so that the case could be submitted to the court. In view of the testimony offered, additional inquiry should have been made and an attempt to effectuate the appearance of the probation officer who made the supervision record. In view of all the circumstances and the summary manner in which the appellant’s testimony was elicited, I conclude that sufficient inquiry was not had and appellant was not given an adequate opportunity to explain away the accusation. In my opinion there was a denial of justice.
Section 927 et seq. of the Code of Criminal Procedure set forth the procedure to be followed with respect to violations of probation. When a probationer shall violate the conditions of probation, the court may issue a warrant, and commit him with or without bail; after arraignment and an opportunity to be heard, the court may revoke, continue or modify his probation, and if *129 revoked, may impose any sentence it might have originally imposed. (Code Crim. Pro., § 935.)
The appellant here is charged with a violation of probation in that he failed to comply with the terms and conditions of his probation. His probationary period ended March 8, 1957. A warrant for his arrest was issued and lodged with the warrant officers, Magistrates’ Court, New York County on December 26, 1956 and appellant was not arrested until March 15,1957, three months after the declaration of the alleged violations and one week after the expiration of the term of probation.
A violation of the conditions of probation in and of itself does not extend the period of probation. The period of probation is extended only if the probationer is guilty of absconding by remaining away from the jurisdiction of the court or keeping his whereabouts hidden, or if he be convicted and incarcerated for the commission of an additional crime or offense. (Code Crim. Pro. § 933.) There is no evidence in the record that the appellant was in hiding or evading service for another crime or that he was incarcerated after conviction for another crime or offense. In fact there is testimony that he appeared on December 18,1956 and was directed to report on December 20th, which he failed to do for some unexplained reason. Appellant further testified that he appeared on some of the other days he was alleged to have failed to appear and that he was in communication with his probation officer. This should have called for further inquiry on the part of the court to determine what steps were taken to effect service of the warrant upon the appellant. The Department of Probation has the duty to use due diligence in executing the warrant of arrest. Such has not been shown here. (People ex rel. Grosso v. Additon, 185 Misc. 670.) In the Grosso case, the court held that where a warrant of arrest was not executed until after the expiration of the term of parole and there was no showing that the parolee was in hiding or evading service of the warrant, the Parole Board should be deemed to have waived the violation and to have lost jurisdiction; that the Parole Board which declares a parolee delinquent has the duty to use due diligence in issuing and executing its warrant of arrest.
Under the circumstances it is my considered judgment that where the probation officer accuses one to be in violation of probation, it is the duty of the probation department to exercise due diligence in:
1. Applying to the court to have the probation terminated and to have the probationer resentenced, or
*130 2. In the absence of the probationer, the probation officer is to apply to the court upon a sworn statement of facts sufficient to satisfy the court to issue a warrant of arrest for the probationer, and,
3. After the issuance of the warrant of arrest to see that the warrant is executed without delay and the probationer taken into custody.
The failure to execute the warrant from December 26,1956 to March 15, 1957 and there being no showing in the record that the appellant was in hiding or evaded service of the warrant, or that the appellant was incarcerated after a conviction for another crime or offense is tantamount to a waiver of the violation. The court, therefore, after the expiration of the term, has no jurisdiction over the appellant.
Under the circumstances the court was without jurisdiction to resentence the appellant for the violation of probation.
In view of the above it is unnecessary to consider the other points raised by the appellant.
Accordingly, the order of revocation of probation should be set aside and the complaint dismissed.
Silver, J., concurs; Kozicke, J., dissents in the following memorandum: In my opinion, the defendant’s remedy lies in another forum.
Order set aside and complaint dismissed.