■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER DIKLICH, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of the Special Term of the Supreme Court, Clinton County dismissing a writ of habeas corpus. The appellant pleaded guilty in the Ulster County Court to two counts of an indictment charging forgery in the second degree on February 16, 1954, and he was sentenced to State prison for two indeterminate terms of 1½ to 3 years, the sentences to run concurrently. Execution of the sentences was suspended and the appellant was placed on probation for three years. The appellant alleges that on or about July 1, 1954, he was arrested by the police of Kingston, New York, on a warrant issued on account of a charge of assault and battery made by the New Jersey authorities and that on July 18, 1954, he was released to the New Jersey authorities and, upon conviction in the State of New Jersey, he was sentenced to a one-year term which he served. On December 18, 1955, the appellant was arrested in New York on a charge of assault in the third degree and was sentenced to serve 30 days. Thereafter, on March 20, 1956, the appellant was charged with violating his probation and the Ulster County Court revoked the probation and ordered the imprisonment of the appellant under the original sentences. The appellant claims credit for the time served for the crimes committed while he was on probation and cites *People ex rel. Rainone* v. *Murphy* (1 N Y 2d 367) in support of his position. The *Rainone* case is obviously not applicable here. There was no interruption of the appellant's sentence. The appellant's probation was not revoked until March 20, 1956 and his sentence did not commence to run until that day. The appellant's argument that the State was guilty of laches in not revoking his probation earlier is wholly without merit. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.