John S. Conable, J.
This case involves the propriety of a parole revocation hearing. Heretofore on June 10, 1971 in Wyoming County habeas corpus File No. 4319, this court ordered a new hearing pursuant to People ex rel. Menechino v. Warden *91 (27 N Y 2d 376). The original hearing was held before the Parole Board on January 14, 1971. The original order was modified to provide for an extension of the time in which it should be held. The new ‘ ‘ hearing ’ ’ was held on August 19, 1971. It is the relator’s position that this hearing was illegal and did not comply with this court’s prior order. It'is the position of the attorney for the respondent that rather than a change in custody the relator seeks a review of a determination of an administrative board. From this he argues that the County Court of Wyoming County has no jurisdiction. (See CPLR 7804, subd. [b].)
The difficulty with this position is that People ex rel. Menechino v. Warden (supra) itself was a habeas corpus case. (See, also, People ex rel. Combs v. La Valle, 29 A D 2d 128.) Upon the authority of those cases this court holds that habeas corpus is an appropriate proceeding to determine if a parole revocation hearing was so conducted that the relator belongs in the custody of the State Department of Correctional Services.
Exhibit “ 1 ” in evidence is the transcript of the hearing before the Board of Parole held on August 19,1971. The Parole Board, through Commissioner Lewis, informed the relator of four allegations of parole violation. The relator denied each allegation.
The Parole Board then took the position that the burden was on the relator to prove his innocence of the charges. The relator declined to answer questions and there was a perfect stalemate. Both sides apparently had a parole violation report but this was never put in evidence.
It seems clear to this court that the Parole Board has the burden of going forward and presenting proof where the parole violations are denied. (See Arciniega v. Freeman, 404 U. S. 4.)
There, in considering the revocation of parole under section 4207 of title 18 of the United States Code, the court required ‘1 satisfactory evidence ” of a parole violation. In the instant case there was no evidence put in at all!! The parole violation reports are not verified. It would seem to this court that as a bare minimum the parole officer who is responsible for returning a man to prison, should be sworn and subjected to cross-examination. He should be produced by the Parole Board for this purpose. (See People ex rel. Silbert v. Cohen, 29 N Y 2d 12.)
It has long been the law in this State that an administrative board cannot act solely on hearsay. (Matter of Carroll v. Knickerbocker Ice Co., 218 N. Y. 435.)
A collateral question not reached in this litigation is the burden of proof required for a parole violation. Is it beyond *92 a reasonable doubt, a preponderance of the evidence, substantial evidence or entirely satisfactory evidence? Interestingly enough there has been virtually no litigation in this State on the burden of proof either for parole or probation violation. This court adopts the standard set forth in a probation violation case, People v. Valle (7 Misc 2d 125) that the evidence and facts must reasonably satisfy the board that a parole violation has occurred.
The relator’s attorneys complain that the Commissioners who have had anything to do with the relator should be disqualified. This court does not feel that this is the law. Where a presiding Judge in a Criminal Court is also a Family Court Judge in a small county, it is a rare case indeed that the Judge meets a felon for the first time. Many of the parole violation hearings involve men who have violated the law so many times that it would be difficult to find Parole Commissioners with no knowledge of the individual.
The final and most difficult question is what should be done with the relator. Since January 13, 1971 the attitude of the Parole Board has been that the courts do not understand the “ philosophy of parole ”. They have made no effort to comply with the changes which have occurred in the law. Under these circumstances ordering another hearing without doing more seems like an idle formality. Since they have now had nearly 11 months to comply with Menechino and have not done so, it is the order of this court that the relator be restored to parole forthwith. Since no witnesses have ever been sworn, the Parole Board may, if it desires, hold a new parole revocation hearing conducted in accordance with the decisions of the courts.