THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL D. COMPTON, Appellant.

Fourth Department, July 6, 1973.

*Michael F. Dillon, District Attorney (Judith Blake Manzella* of counsel), for the People.

*Lowell Grosse* for Michael D. Compton.

*Per Curiam.* On September 22, 1970, defendant **was** adjudicated a youthful offender and sentenced to probation for a term of five years. On June 21, 1971, he was **again** adjudicated a youthful offender and placed on probation. **By** information sworn to on July 1, 1971, the Probation Department charged that the second adjudication as a youthful **offender** violated the terms and conditions of defendant's probation **on** the first youthful offender adjudication. He was arraigned **on** July 14, pleaded not guilty and the proceeding was **adjourned** to September 10, 1971.

On September 10, 1971, defendant's counsel stated that it was for the court to determine, after the examination of the plea leading to defendant's second adjudication as a youthful offender, whether he had violated the terms of the probation. He asked the court to take into consideration the fact that defendant had found employment, was making every effort to lead a law-abiding life and was seeking to re-enter school. The Judge read an affidavit filed by the Probation Department reciting defendant's adjudication as a youthful offender in 1970, his sentence to probation for a period of five years on the condition that he lead a law-abiding life, that defendant violated the condition of his probation, that on June 21, 1971, he was again adjudicated a youthful offender after being charged with a burglary committed on November 22, 1970 and possession of stolen property on January 17, 1971. The Judge then asked defendant if he wished to make a statement and, after he answered that he was trying to get back into school and was starting a job in a few days, the Judge said: "I take it from what you say, that you agree with your attorney * * * that you are guilty of this violation of probation?" and defendant answered, "Yes, your Honor."

The Judge then examined the defendant about the number of burglaries that he had committed since he originally had been put on probation, and the defendant estimated the number to be four or five and then re-estimated it to be probably around 10 or 12. When asked if he had made any restitution to the people he had harmed, defendant answered he had not because he had not been working and that, when he started working, he would start making restitution. He explained that he had been living at home with his parents, both of whom worked and, during the past week, since he had found a job, he was making plans to re-enter school. Defendant's counsel stated that he did not think defendant was a leader among the boys that " were in on this. * * * I think he was a follower." The court then decided to adjourn the proceeding to September 16, 1971 to obtain a further probation report.

On that date, defendant's counsel urged that " just the mere fact " of the defendant's plea to the second youthful offender charge could not be used as a basis for probation revocation but the court revoked defendant's probation based upon what the defendant said (which was all in the hearing of September 10, 1971). Defendant then appealed from the judgment of the court upon a printed record which, however, contained only the minutes of the September 16, 1971 hearing and from which the

minutes of the September 10, 1971 hearing were completely omitted. We held in *People* v. *Compton* (38 A D 2d 788) that: " The commission of a crime is sufficient grounds for the revocation of probation. (*People* v. *Moffre,* 34 A D 2d 703.) While an adjudication as a youthful offender is not a conviction, a plea of guilty constitutes an admission that a defendant committed an act which would be a crime if committed by an adult. (*People* v. *Dwight S.,* 29 N Y 2d 172.) However, no proof was taken as to the underlying act that defendant was charged with committing. A new hearing should be held at which proof should be taken to determine whether defendant committed any act which violated the terms and conditions of his probation and justified its revocation."

The People then appealed to the Court of Appeals and, after the argument in that court, the Assistant District Attorney handling the appeal, who was not the same one who handled the probation revocation proceeding, learned for the first time by happenstance that there was a hearing on September 10, 1971 which defendant's counsel had not included in the record. Leave was sought of the Court of Appeals to amend the record and, on March 21, 1973, it withheld determination of the appeal and remitted the case to this court for consideration of the People's contention concerning the inadequacy of the record and, if such contention was sustained, for reconsideration of the appeal (32 N Y 2d 687).

The People erred in assuming that the record on appeal prepared by defendant's attorney was complete, in failing to seek a court order opening the sealed youthful offender file to ascertain what should be incorporated in the record on appeal and in not ascertaining that the minutes of the September 10, 1971 hearing were not included. However, it is difficult to understand how defendant's counsel could have failed to include the September 10, 1971 minutes in the record.

Since our reversal (*People* v. *Compton,* 38 A D 2d 788, *supra*) was on the failure of proof whether defendant committed any act which violated the terms and conditions of his probation and justified its revocation and the record of September 10, 1971 contains such proof, the motion of the People should be granted and the record is amended to include the minutes of the hearing of September 10, 1971.

We shall now consider this case on the basis of the full record. The proceeding of September 10, 1971 and September 16, 1971 reveals that defendant was charged with a violation of probation. The affidavit of the probation officer was read to defendant and

charged him with the commission of certain crimes since his first adjudication as a youthful offender. The defendant did not at any time deny the commission of the criminal acts which underlay the second conviction as a youthful offender when the court inquired of defendant concerning the basic facts of the charge that defendant had committed those crimes and thus violated probation. There was "no requirement of formal procedure" at the hearing. All that was required was "notice to the probationer of the violation charged, with an opportunity to attack or deny the charge". (*People* v. *Oskroba,* 305 N. Y. 113, 117.) Defendant had notice of the charges and an opportunity to be heard, and the court properly exercised its discretion in revoking probation. The commission of a crime is sufficient grounds for the revocation of probation (*People* v. *Compton, supra*).

However, since the defendant has been at liberty since about October 22, 1971 and his circumstances may have changed, we exercise our discretion in the interest of justice and remit the proceeding for a hearing at which the court can ascertain what penalty it now deems appropriate.

GOLDMAN, P. J., WITMER, MOULE, CARDAMONE and SIMONS, JJ., concur.

Motion to amend record, by incorporating the proceedings of September 10, 1970 granted, case reconsidered and judgment unanimously affirmed insofar as defendant's probation was revoked, and proceeding remitted as a matter of discretion in the interest of justice in accordance with *Per Curiam* opinion.