(July 8, 1976)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL D. PETERSEN, Appellant.—Appeal from an amended judgment of the County Court of Clinton County, rendered June 16, 1975, which revoked defendant's probation imposed following his conviction of robbery in the second degree and sentenced him to an indeterminate term of imprisonment with a maximum of four years. The defendant was convicted in Clinton County on April 5, 1974 on the charge of robbery in the second degree and sentenced to a term of five years probation. While on probation, the defendant was arrested in Orange County on several charges, and on August 1, 1974, a warrant for violation of the conditions of his probation was issued and filed with the Orange County Sheriff's department. On January 10, 1975 defendant was convicted of attempted robbery in Orange County and sentenced to a term of one and one half to three years in the custody of the New York State Department of Correctional Services, and is presently incarcerated under that sentence at Clinton Correctional Facility at Dannemora. Shortly after his arrival there, the defendant moved for dismissal of the charge of violation of probation on the ground that he was never arraigned on the charge contained in the warrant, and on the further ground that he was not afforded a prompt hearing on that charge, all in violation of his constitutional rights and of the applicable provisions of the Criminal Procedure Law. At approximately the same time, on June 2, 1975, the District Attorney obtained an order of the County Court of Clinton County directing the Superintendent of the Clinton Correctional Facility to produce the defendant for the purpose of arraignment on the charge of violating probation. A plea of not guilty was entered on the arraignment, and the matter was adjourned at the request of defendant's attorney to afford him an opportunity to pursue motions addressed to the charge of probation violation. On the adjourned date defendant requested permission to withdraw his plea of not guilty and to enter a plea of guilty to the charge. In entering the plea, defendant's attorney stated "I am not going to make any motions in this matter and this plea would be in accordance with my prior conversation with your Honorable Self, the District Attorney * * * myself and Mr. Petersen." Sentence was imposed upon the plea of guilty to run concurrently with the sentence imposed in Orange County on January 10, 1975. On this appeal the defendant argues that no declaration of delinquency was ever made or filed against him prior to issuance of a warrant for violation of probation; that he was not arraigned forthwith as required by CPL 410.60, nor was he granted a prompt hearing; and that the trial court failed to rule on the motion for dismissal of the charge. We find no merit to these contentions. The court may at any time order that a person who is under a sentence of probation appear before it to determine whether the conditions of probation have been violated and whether probation should be revoked (CPL 410.40, 410.60, 410.70). This was done by the Clinton County Court where the sentence of probation was imposed. The defendant, therefore, had notice of the probation violation charged, and was afforded an opportunity

to be heard, and to attack or deny the charge, which is all that is required *(People v Oskroba,* 305 NY 113; *People v Compton,* 42 AD2d 201). Moreover, the record clearly establishes that the court, through careful and thorough inquiry, properly and adequately protected defendant's rights in accepting his plea of guilty. Based upon his decision to enter a plea of guilty, the defendant obviously decided not to seek dismissal of the charge, and abandoned any motions he had made or contemplated. Furthermore, defendant's plea of guilty, entered knowingly and intelligently, with advice of counsel, constituted a waiver of any infirmities that may have existed in any prior proceedings. "Grave consequences attach to a plea of guilty including the waiver of certain fundamental constitutional rights". *(People v La Ruffa,* 34 NY2d 242, 245.) There is no claim here of duress or coercion that vitiate the voluntariness of the plea, and absent a showing that the plea did not represent the defendant's unfettered choice, or that he was unaware or inadequately advised of the consequences of his plea, it may not so lightly be set aside *(People v La Ruffa, supra).* There can be no dispute that the defendant was convicted of a crime in Orange County while he was on probation, and, therefore, sufficient grounds existed for revocation of probation *(People v Compton,* 42 AD2d 201; *People v Moffre,* 34 AD2d 703). We conclude that the defendant, by his plea of guilty, effectively waived his rights to which he now claims to be entitled, and that, under the facts here, there was no denial of due process. Judgment affirmed. Koreman, P. J., Kane, Main, Herlihy and Reynolds, JJ., concur.