*1059 OPINION OF THE COURT
Oscar Murov, J.
This is a hearing to determine whether the defendant, Jackie V. Magno, will be adjudged to have violated the conditions of his probation and resentenced pursuant • to CPL 410.70.
Based upon the testimony of the single witness at the hearing and documentary exhibits introduced as evidence thereat, the court makes the following findings of fact:
Defendant entered a plea of guilty to the crime robbery in the third degree and, on September 5, 1975, was sentenced to a period of five years’ probation with the specific condition that he make restitution in the amount of $54.95 by the fifth day of the first month following sentence, namely, October 5, 1975. Restitution had not been made by the time defendant first met his probation officer in the early part of November, 1975 nor at any time thereafter despite repeated admonitions by the officer that he comply with the particular condition of his probation and despite the fact that defendant had won $5,000 in a lottery in May, 1977.
On June 10, 1977, defendant was convicted of the crimes criminal facilitation in the first degree and criminal facilitation in the second degree as lesser included offenses of an indictment charging burglary in the third degree and grand larceny in the third degree committed on September 19, 1976.
The court finds the defendant is in violation of the specific condition for restitution and the statutory prohibition against the commission of a new offense (Penal Law, § 65.00, subd 2; CPL 410.10, subd 2).
Defendant contends, however, that the long delays in reporting the violations (22 months in the case of the condition for restitution and two months in the case of the misdemeanor convictions) is tantamount to a waiver of the violations (citing People v Valle, 7 Misc 2d 125).
The following shall constitute the court’s conclusions of law:
CPL 410.30 provides: "If at any time during the period of a sentence of probation or of conditional discharge the court has reasonable cause to believe that the defendant has violated a condition of the sentence, it may declare the defendant delinquent and file a written declaration of delinquency. Upon such a filing, the court must promptly take reasonable and appropriate action to cause the defendant to appear before it for the *1060 purpose of enabling the court to make a final determination with respect to the alleged delinquency.” (Emphasis supplied.)
Other provisions of CPL article 410, in main, relate to other functions of the court relative to violation proceedings. The only provision of article 410 which addresses itself to the duties of the probation department is CPL 410.50 (subd 2) which merely charges the department with the duty of supervising the defendant during the period of probation.
Rules governing the probation department’s role in delinquency proceedings are contained in section 352.4 of the Rules of the State Division of Probation (9 NYCRR 352.4) set forth in part as follows:
"(a) Violations, In any case involving an alleged violation of probation the probation officer shall make an immediate investigation and pursue all avenues in an attempt to obtain the facts.
"(b) Administrative conference. The facts of the violation shall be presented to the probation administrator or designated representative. A conference shall be held between the probation administrator or his designated representative and the probation officer for the purpose of discussing the violation and arriving at a recommendation to the court. A summary of the conference must be entered into the case record.
"(c) Violation report. A written report containing a summary of supervision, the alleged facts which would be sufficient, if proven, to establish that a violation has occurred, and a recommendation for appropriate court action must be submitted to the court. Where the probationer has been charged with the commission of an additional offense, other than a traffic infraction, the court shall be periodically advised as to the status of the proceedings with respect to the new offense. A request for declaration of delinquency may be included. If the issuance of a bench warrant is recommended, the report shall indicate the reasons for believing that the probationer would not appear voluntarily.”
Nothing suggests a requirement that the probation department take immediate steps to seek revocation of the sentence upon becoming aware that the conditions of probation were violated. Such a mandate would be antithetical to the spirit of Morrissey v Brewer (408 US 471). In Morrissey the court states (pp 479-480): "Implicit in the system’s concern with parole violations is the notion that the parolee is entitled to retain his liberty as long as he substantially abides by the *1061 conditions of his parole. The first step in a revocation decision thus involves a wholly retrospective factual question: whether the parolee has in fact acted in violation of one or more conditions of his parole. Only if it is determined that the parolee did violate the conditions does the second question arise: should the parolee be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation? The first step is relatively simple; the second is more complex. The second question involves the application of expertise by the parole authority in making a prediction as to the ability of the individual to live in society without committing antisocial acts. This part of the decision, too, depends on facts, and therefore it is important for the board to know not only that some violation was committed but also to know accurately how many and how serious the violations were. Yet this second step, deciding what to do about the violation once it is identified, is not purely factual but also predictive and discretionary.”
While the focus in Morrissey is upon parole violations, the same principles apply to revocation of probation. (Gagnon v Scarpelli, 411 US 778.) In Scarpelli, the Supreme Court indorses (p 785) an attitude in the supervision of probation which is geared "to keep men in the community, working with adjustment problems there, and using revocation only as a last resort when treatment has failed or is about to fail.”
Although it must be conceded Valle finds a waiver in a tardy filing of the violation report, the facts therein are distinguishable from those in the matter under consideration. In Valle a warrant was filed before the period of probation had expired but was not executed until after expiration of the period. The court held it was without jurisdiction to resentence the defendant (see, also, People v Cooper, 54 Misc 2d 42).
In the instant matter, even absent any tolling circumstances, the period of probation will not terminate before September 5, 1980. The court holds it has jurisdiction to act upon the violation report at any time during the period of probation set forth in the sentence imposed (CPL 410.40; Penal Law, § 65.00, subd 2).
Accordingly, the court determines defendant’s contention that the violation was waived by the probation department’s delayed reaction lacks merit. (People ex rel. Siklich v Jackson, 4 AD2d 983.) The court has considered defendant’s other contentions and finds them equally devoid of merit.
*1062 Defendant is hereby adjudged to have violated the conditions of his sentence and the sentence of probation is revoked. The matter shall be placed upon the calendar for resentencing on November 9, 1977.