**Cleo VINSON, Petitioner,**

v.

**DEPARTMENT OF PROBATION, Respondent.**

**No. 78 C 2223.**

United States District Court, E. D. New York.

June 20, 1979.

Cleo Vinson, petitioner pro se.

Robert Abrams, Atty. Gen. of N. Y. by Myron Paul Schamis, New York City, and Allen G. Schwartz, Corp. Counsel, City of New York by Dean L. Silverberg, New York City, for respondent.

MEMORANDUM AND ORDER

NEAHER, District Judge.

Petitioner is currently a federal prisoner serving two concurrent twenty-year terms

for armed bank robbery following his conviction and sentence in July 1977. He applies pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus basically seeking discharge from and vacatur of an arrest warrant lodged against him as a detainer by the New York City Police Department. The warrant appears to have been obtained at the instance of the respondent Department of Probation on the basis of alleged violations of the conditions of a five-year probationary term imposed upon petitioner in May 1973 pursuant to a State court conviction for attempted criminal possession of a dangerous weapon.

The alleged violations include petitioner's conviction of criminal trespass in the State courts on August 27, 1976, his failure thereafter to appear in court as directed and his failure to report to the Department of Probation as required by the terms of his probation. Further, respondent was informed that petitioner was wanted in connection with an armed bank robbery in Staten Island, which is now the basis for his federal custody.

On the strength of these alleged violations, respondent applied to the State court for a declaration of delinquency and issuance of a bench warrant for his arrest, which was signed on March 9, 1977. The State court tentatively declared petitioner delinquent as of July 26, 1976, the date of his conviction of criminal trespass. A final violation of probation hearing, however, was not held, respondent contends, as a result of petitioner's subsequent prosecution for and conviction of the federal charges.

In September 1977, the matter of the outstanding probation violations was brought to the attention of the State court, which decided to let the bench warrant stand over the recommendation of respondent that petitioner be discharged from probation as unimproved and committed and with knowledge that he was, in any event, out of the jurisdiction and thus unavailable for a final hearing. On January 24, 1978, the detainer here at issue was lodged against petitioner at the federal penitentiary in Georgia.

Although his argument is not altogether clear, petitioner apparently suggests that this detainer is invalid because respondent lost jurisdiction of him when he was sent to Georgia before being afforded a hearing on the violation of his probation and his probationary period has now lapsed. He also appears to claim entitlement to credit for the time he served on probation of over four years from May 1973 until he was convicted of the federal charges in July 1977. Whatever the precise contours of his theories, they lack merit—and the petition must be denied—for several reasons.

First, to the extent petitioner's application seeks dismissal of the warrant and vacatur of the detainer, it runs by analogy afoul of the rule that petitions asserting defenses to prosecution must be dismissed in order to afford the State courts the first opportunity to rule on the merits of the claim. See *United States ex rel. Scranton v. New York*, 532 F.2d 292 (2 Cir. 1976); *Raffone v. Stack*, 425 F.Supp. 345 (D.Conn. 1976). Moreover, it is also possible that various State remedies are available, including an Article 78 proceeding, New York C.P.L.R. § 7801 *et seq.*, State habeas corpus, a special proceeding under New York Criminal Procedure Law § 580.20—the New York counterpart to the Interstate Agreement on Detainers, 18 U.S.C. Appendix—and, of course, by motion to dismiss when respondent executes the detainer in its favor, see *People v. Magno*, 91 Misc.2d 1058, 399 N.Y.S.2d 371 (1977). Although the court expresses no opinion on the applicability of any of these remedies to one in petitioner's position, it is apparent that none has been exhausted.

Resort to the State courts in the first instance is particularly appropriate in this case since the petition raises issues primarily of State procedure, and assuming a constitutional claim is raised, the State courts are fully competent to protect such rights. Further, to the extent his petition liberally read, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), merely seeks to compel respondent to execute the warrant and grant him a hearing, it also

violates the exhaustion requirement set forth above. See *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

 Second, petitioner's claim is of dubious merit. If the petition suggests that respondent's conduct in not bringing petitioner before the State court for a hearing and in lodging the warrant as a detainer instead violates his right to due process of law and entitles him to dismissal of the detainer, it is this court's opinion that *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), would preclude relief despite the differing circumstances of that case. There the Supreme Court held that a federal parolee has no right to a prompt revocation hearing on a parole violator warrant lodged against him on the basis of an intervening federal conviction. The ground of decision was that petitioner's present confinement derived from the intervening conviction and not from the unexecuted violator warrant and thus petitioner had no right to prompt a hearing prior to execution of the warrant by the authorities.

Although there are undoubted minor differences between probation and parole, the Supreme Court has concluded that there are no relevant distinctions at least with respect to applying *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), to a petitioner's due process entitlement to a preliminary and final probation revocation hearing. See *Gagnon v. Scarpelli*, 411 U.S. 778, 783 & n.3, 93 S.Ct. 1756, 1759–60 & n.3, 36 L.Ed.2d 656 (1973). Thus, it appears that the rationale of *Moody v. Daggett, supra*, should apply in a probation revocation setting. Applying that decision, it is apparent that petitioner would not be entitled to dismissal of the warrant lodged against him on the ground that he has been denied a prompt hearing on the probation violation, since his present confinement is not the result of the detainer but is caused by his intervening convictions.

 Finally, there is little doubt that his conviction of armed bank robbery while on probation provides sufficient ground for the revocation of his probation, see, *e. g., People*

*v. Petersen*, 53 A.D.2d 935, 385 N.Y.S.2d 398 (3rd Dept. 1976); *People v. Compton*, 42 A.D.2d 201, 345 N.Y.S.2d 768 (4th Dept. 1973), and there were certainly sufficient grounds for issuance of the bench warrant. A warrant properly issued during a sentence of probation would seem unquestionably to toll the running of the probation period and therefore the probationary period has not lapsed. See New York Criminal Procedure Law § 410.40. See also *Larson v. McKenzie*, 554 F.2d 131 (4 Cir. 1977). A contrary result would permit a probationer to evade the consequences of his violations by merely evading the authorities until his probationary period lapses.

 It is clear, moreover, under the provisions of New York Criminal Procedure Law § 410.70, that a probationer in violation of his conditions of his probation may be sentenced to a term of imprisonment without credit for time already spent on probation. *Cf. People v. Gilmore*, 63 A.D.2d 45, 407 N.Y.S.2d 48 (2nd Dept. 1978). This determination awaits petitioner when he is finally afforded a hearing on the alleged violations and is clearly not ripe for review on this petition, despite petitioner's claim that he is under a threat of serving his earlier sentence on an installment plan.

Accordingly, petitioner's application for a writ of habeas corpus is denied.

SO ORDERED.