OPINION OF THE COURT
Marcy L. Kahn, J.
The question presented in this case is whether a bench warrant issued to secure a probationer’s presence on an alleged violation of probation tolls the running of the probationary term in the absence of the filing of a declaration of delinquency. The question goes to the very jurisdiction of the court to address an alleged violation of probation where, as here, a probationer is not returned on a warrant until after the probationary term would otherwise have expired. For the reasons stated in this court’s earlier oral ruling, which is sup *224 planted by this decision, and for the reasons hereinafter stated, the question is answered in the negative.
PROCEDURAL BACKGROUND
On June 2, 1989 defendant was sentenced by another Judge of this court to a five-year probationary term on his plea of guilty to attempted burglary in the third degree. On July 7, 1989 the same Judge sentenced defendant in a second case to another five-year probationary term on his plea of guilty to attempted burglary in the second degree.[1] Defendant was obliged by the conditions of the sentences, inter alia, to report to his probation officer on a regular basis.
On December 18,1992, the Department of Probation (Department) prepared specifications alleging that defendant had violated the conditions of probation in each case by failing to report to his probation officer on October 6, 13, and 20, 1992 and thereafter. Appended to the specifications were a violation of probation report and an undated and unsigned declaration of delinquency (declaration), which incorporated the specifications by reference. On February 5, 1993 the Sentencing Judge issued a bench warrant for defendant’s arrest pursuant to CPL 410.40 (2). The transcript of the proceedings for that date reflects no further action on the matter, and it appears that the court never signed the declaration of delinquency submitted by the Department.
On November 2, 1995, defendant was involuntarily returned on the warrant before this court, successor to the sentencing court. Defendant contends that because more than five years had elapsed since his sentencing without a declaration of delinquency having been entered, this court is without jurisdiction to adjudicate the alleged violation. Although the Department does not dispute defendant’s position in this case, the court chooses to address this issue due to the absence of appellate authority, the dearth of reported case law and the existence of conflicting case law at the trial court level.[2]
LEGAL DISCUSSION
In order to resolve the question presented, the relative functions of the declaration of delinquency and the bench warrant must be examined in the context of New York’s sentencing *225 scheme. The issuance of a declaration of delinquency is governed by CPL 410.30 which provides that: "[i]f at any time during the period of a sentence of probation * * * the court has reasonable cause to believe that the defendant has violated a condition of the sentence, it may declare the defendant delinquent and file a written declaration of delinquency.”
The effect of the issuance of a declaration of delinquency upon the court’s ability to exercise jurisdiction over a delinquent probationer is explained by Penal Law § 65.15 (2), which states that: "[w]hen a person has violated the conditions of his probation * * * and is declared delinquent by the court, the declaration of delinquency shall interrupt the period of the sentence as of the date of the delinquency and such interruption shall continue until a final determination as to the delinquency has been made by the court pursuant to a hearing held in accordance with the provisions of the criminal procedure law.” (Emphasis added.) Thus, the sentencing court may file a declaration of delinquency only upon reasonable cause to believe that the probationer has committed a sentence violation.[3] Once this determination has been made, as evidenced by the filing of the declaration by the court, the probationary period is tolled to afford the court sufficient time to secure the probationer’s appearance and address the violation. Consequently, the judicial filing of a declaration of delinquency may extend the period during which a court may exercise jurisdiction over a delinquent probationer beyond the term of the original probationary sentence.
Although a declaration may be filed without the presence of the defendant, CPL 410.30 requires that upon such filing, the court must "promptly take reasonable and appropriate action to cause the defendant to appear before it” for the court’s final determination of the alleged violation. In order to secure the defendant’s appearance, the court may issue either a notice to appear (CPL 410.40 [1]), or a bench warrant (CPL 410.40 [2]). CPL 410.40 (2) provides that: "If at any time during the period of a sentence of probation * * * the court has reasonable *226 grounds to believe that the defendant has violated a condition of the sentence, the court may issue a warrant to a police officer or to an appropriate peace officer directing him or her to take the defendant into custody and bring the defendant before the court without unnecessary delay.”
It has been suggested that a bench warrant properly issued pursuant to CPL 410.40 (2) during a sentence of probation effectively tolls the running of the probationary period even in the absence of a declaration of delinquency entered by the court. (See, People v Parker, Sup Ct, NY County 1994, indictment No. 93851/88, supra.) The rationale advanced in Parker is that, because the standard of reasonable cause required for issuing a CPL 410.40 (2) warrant is the same as that for filing a declaration of delinquency, both instruments must necessarily serve the same functions and occasion the same consequences. However, the shared reliance upon a reasonable cause standard does not, in itself, make the two instruments interchangeable or their consequences identical.[4]
A closer examination of the statutory sections relating to declarations and bench warrants in light of settled rules of statutory construction demonstrates that the exclusive means for suspending the probationary sentence pending a resolution of an alleged violation of probation is by the judicial filing of a declaration of delinquency.
Under traditional rules of statutory construction and interpretation, the fact that the Legislature failed to include a provision within a particular statute is an indication that its exclusion was intended. (McKinney’s Cons Laws of NY, Book 1, Statutes § 74; Pajak v Pajak, 56 NY2d 394, 397 [1982].) Here, because the Legislature specified that a probationary term is tolled by the filing of a declaration (see, Penal Law § 65.15 [2]), but did not provide that the issuance of a bench warrant to secure a probationer’s appearance would also toll a probationary term (see, CPL 410.40 [2]), it must be inferred that the *227 Legislature intended that the tolling be accomplished exclusively by the filing of the declaration. (See, People v Nuccio, 78 NY2d 102 [1991]; see also, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 74, 240.)
Thus, the plain language of the statute in question sufficiently demonstrates that only the judicial filing of a declaration of delinquency tolls the probationary sentence period. (See also, People v Johnson, 159 AD2d 725 [2d Dept 1990] [holding that filing of declaration of delinquency interrupted the probationary sentence, even in the absence of prompt efforts by the Probation Department to secure defendant’s appearance by lodging a CPL 410.40 (2) warrant]; People v Diaz, 101 AD2d 841 [2d Dept 1984] [holding that the sole purpose of a declaration of delinquency is to extend the probationary period].)
In any case, even if it were necessary to look beyond the statute’s plain language, the legislative history supports the view that only the filing of the declaration of delinquency extends the sentence period. Prior to the enactment of Penal Law § 65.15 (2), the law did not adequately provide for the tolling of the probationary period upon an alleged violation. (Commn Staff Notes, reprinted in Proposed NY Penal Law [Study Bill, 1964 Senate Int 3918, Penal Law and Criminal Code, Assembly Int 5376] § 25.05, at 268 [hereinafter Temp Commn]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 410.30, at 331.) Unless a defendant had absconded or had been convicted of a new crime committed during the period of probation, the court lost jurisdiction to adjudicate a violation once the probationary period had run. (See, Code Crim Pro § 470-a [1893]; § 933 [1928]; People ex rel. Berman v Marsden, 3 AD2d 980 [4th Dept 1957]; People v Valle, 7 Misc 2d 125 [Ct Spec Sess, App Part, 1st Dept 1957]; Temp Commn, op. cit, at 268.)[5]
In enacting Penal Law § 65.15 (2), the Legislature sought to address this deficiency and adopted a declaration of delinquency device similar to the one used in connection with parole violations as the mechanism for tolling the probationary period. In drafting the Proposed Penal Law, the Temporary Commission explained the precursor to Penal Law § 65.15 as *228 follows: "Under the proposed subdivision the court will be able to interrupt the period of the sentence by entering a declaration of delinquency that will date back to the date of the breach of condition. The procedure to be used in connection with this device, and the provisions governing the time within which the declaration must be filed, will be contained in the Commission’s recommendations with respect to the Code of Criminal Procedure.” (Op. cit., at 268.)
Thus, the drafters clearly expressed their intention to provide a judicial mechanism for interrupting the period of probation once a violation is committed so that the probationer would not receive credit for service of the sentence while in breach of its terms. The mechanism chosen to achieve this end was specified to be the declaration of delinquency. Reference was then made to the Temporary Commission’s recommendations for revision of the Code of Criminal Procedure (Code Crim Pro § 934-a, later codified in CPL art 410), for the procedural aspects of utilizing this new device, e.g., "the time within which the declaration must be filed” (op. cit., at 268; emphasis added). It is, therefore, clear beyond question that neither the bench warrant provision of CPL 410.40, nor any other procedural device included within article 410, other than the declaration of delinquency as specifically referenced in Penal Law § 65.15, has any independent ability to toll the probationary period during the pendency of violation of probation proceedings. (See, Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 65.15, at 186-187 [1975]; Preiser, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 65.15, at 112 [1967]; Commn Staff Notes, op. cit., at 268.)[6]
*229 CONCLUSION
Accordingly, both the plain wording of the relevant statutes and the legislative history compel the conclusion that the filing of a declaration of delinquency is the exclusive means of tolling a probationary term. Put otherwise, the issuance of a bench warrant in the absence of the filing of a declaration of delinquency does not interrupt a probationary period. Consequently, in these cases, I hold that defendant’s probationary terms expired on June 1, 1994 and July 6, 1994, respectively, thereby depriving the court of jurisdiction to adjudicate the alleged violations.
Accordingly, the violation of probation proceedings is dismissed and defendant is discharged.

. Supervision for the two cases was consolidated. (See, Penal Law § 65.15 [1].)

. See, e.g., People v Parker, Sup Ct, NY County 1994, indictment No. 93851/88.

. Rules and regulations promulgated pursuant to Executive Law §§ 243, 256 (1) provide that the Department may not request that the court file a declaration unless it also submits to the court a violation of probation report. (9 NYCRR 352.1 [c].) A violation of probation report is a written document containing specific allegations that a probationer has violated one or more conditions of probation and recommending court action with respect to such allegations. (9 NYCRR 352.1 [g].) Thus, the rules and regulations contemplate that judicial review of the violation of probation report precede a finding of reasonable cause justifying the filing of a declaration of delinquency.

. The origins of the reasonable cause standards in each case are distinct. The requirement that reasonable cause support the court’s filing of a declaration of delinquency and ensuing interruption of the probationer’s conditional liberty originates in Fourteenth Amendment due process jurisprudence. (US Const 14th Amend; see, Gagnon v Scarpelli, 411 US 778, 781-782 [1973]; Morrissey v Brewer, 408 US 471, 481-482 [1972].) On the other hand, the reasonable cause requirement for the issuance of a warrant emanates from the Warrant Clauses of the Federal and State Constitutions. (US Const 4th Amend; NY Const, art I, § 12; see, People v Jackson, 46 NY2d 171 [1978]; People v Huntley, 43 NY2d 175 [1977]; see also, Griffin v Wisconsin, 483 US 868 [1987].)

. In Valle (supra), for example, a bench warrant had timely and properly issued for alleged violations during the probationary term. Nonetheless, because the probationer was not returned on the warrant until after the expiration of the original term of the sentence, the court was without jurisdiction to proceed on the violations.

. Vinson v Department of Probation (472 F Supp 1112 [ED NY 1979]), relied upon in People u Parker (supra), does not compel a contrary result. In Vinson, the court’s statement that the issuance of a CPL 410.40 bench warrant alone "would seem unquestionably to toll the running of the probationary period” (supra, at 1114) was mere dictum, as the court there rejected a State inmate’s claim for habeas corpus relief based on a failure to exhaust State remedies. (472 F Supp, supra, at 1113-1114.) Moreover, in Vinson, the sentencing court had timely filed a declaration of delinquency (supra, at 1113), thereby interrupting the probationary sentence in accordance with Penal Law § 65.15 (2). In reaching its conclusion about the tolling effect of a probationary bench warrant, however, the Vinson court made no reference to that section, relying exclusively on a Fourth Circuit decision which interpreted Federal law in this area. (Supra, at 1114, citing Larson v McKenzie, 554 F2d 131 [4th Cir 1977].) Federal law, however, does not utilize the declaration of delinquency device found in New York practice, but deems *229 the issuance of a bench warrant during the probationary period sufficient to compel a probationer to submit to violation of probation proceedings upon completion of a term of incarceration, without regard to the expiration of the original probationary term. (18 USC § 3653 [1949] [repealed by Comprehensive Crime Control Act of 1984, Pub L 98-473, 98 Stat 1987, recodified as 18 USC § 3565 (b) (1984), current version at 18 USC § 3565 (c) (1996)]; see, United States v Bartholdi, 453 F2d 1225 [9th Cir 1972]; United States v Pro, 708 F Supp 523 [SD NY 1989].)