■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR QUINONES, Appellant. [708 NYS2d 616] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered July 10, 1995, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 20 years to life, 7½ to 15 years and 3½ to 7 years, respectively, unanimously affirmed. Judgment, same court and Justice, rendered the same date, convicting defendant, upon his plea of guilty, of

violation of probation, and resentencing him to a consecutive term of 1 to 3 years, unanimously reversed, on the law and in the interest of justice, and the violation of probation dismissed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility and identification.

On the existing record, we conclude that defendant received-meaningful representation (*see*, *People v Benevento*, 91 NY2d 708, 713-714). Counsel's alleged deficiencies did not deprive defendant of a fair trial (*see*, *People v Hobot*, 84 NY2d 1021, 1024).

Each of defendant's contentions concerning the court's evidentiary rulings requires preservation (CPL 470.05 [2]), and we decline to review any of these unpreserved claims in the interest of justice.

Defendant's sentence of 5 years' probation, imposed on April 11, 1990 was improperly revoked. There is no evidence in the record that defendant's probationary period was tolled by a timely declaration of delinquency (*see*, Penal Law § 65.15 [2]). Consequently, defendant's probationary term had expired prior to the violation of probation proceeding of July 10, 1995, thereby depriving the court of jurisdiction. Concur—Tom, J. P., Ellerin, Lerner, Andrias and Saxe, JJ.