People v Curry (2026 NY Slip Op 01448)

People v Curry

2026 NY Slip Op 01448

Decided on March 17, 2026

Court of Appeals

Wilson, Ch. J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2026

No. 22 

[*1]The People & c., Respondent,
vEugene Curry, Appellant.

Sabrina Bremer, for appellant.
Ryan P. Ashe, for respondent.
Daniel Rosero, amicus curiae.

WILSON, Chief Judge:

Eugene Curry contends that the sentencing court did not have jurisdiction to revoke his probation because his probationary period was never tolled and had expired at the time he was sentenced. We agree. The declaration of delinquency is the exclusive procedural mechanism by which the court can toll a probationary period, and no such declaration was filed. Accordingly, we reverse.I.
In April 2016, Mr. Curry pleaded guilty to attempted criminal possession of a weapon in the second degree. On July 5, 2016, Supreme Court sentenced Mr. Curry to five years of probation and four work weekends. Mr. Curry's probation was set to expire on July 5, 2021.
On January 4, 2018, the Office of Probation filed an Information for Delinquency, alleging that Mr. Curry was not compliant with the conditions of his probation and requesting that the court declare Mr. Curry delinquent. Mr. Curry appeared before the court regarding those alleged violations on January 19 and 22, 2018. The court did not file a declaration of delinquency. Over the next year, the court required defendant to appear periodically to assess his compliance with probation, permitting him to remain on probation despite periods of noncompliance, inquiring about his outpatient treatment, and hearing from his probation officer.
In December 2018, at the recommendation of the Office of Probation, Supreme Court transferred Mr. Curry to a drug treatment court ("DTC"). In association with the transfer, the Office of Probation did not request, and the [*2]court did not file, a declaration of delinquency. Upon transfer, the DTC informed Mr. Curry that if he were "successful" in the program it would count towards his probation sentence, but if he was "not successful" he would receive two to four years of incarceration and three years of post-release supervision. As a condition of being accepted into the DTC, Mr. Curry agreed to waive his right to a hearing on, and plead guilty to, the alleged violation of probation.
From 2019 through 2021, Mr. Curry participated in the drug treatment program with mixed results. The DTC made efforts to support a positive outcome, permitting Mr. Curry's continued release after positive drug screens and ensuring he received outpatient treatment. July 5, 2021—the date at which Mr. Curry's probation was set to expire—passed while Mr. Curry continued to participate in DTC. On December 14, 2021, due to another positive drug screen and missed court dates, the DTC revoked Mr. Curry's probation and sentenced him to two years of incarceration and three years of post-release supervision.
Mr. Curry appealed, arguing that because his probationary period had expired on July 5, 2021, the DTC lacked jurisdiction to revoke his probation and incarcerate him. The Appellate Division affirmed the sentence, holding that Mr. Curry's guilty plea to a violation of probation tolled his probationary period and that the court retained jurisdiction accordingly. A Judge of this Court granted Mr. Curry leave to appeal (43 NY3d 962 [2025]). We now reverse and hold that the court did not have jurisdiction to revoke Mr. Curry's probation and sentence him to a period of incarceration.II.
Pursuant to CPL 410.30, "[i]f at any time during the period of a sentence of probation or of conditional discharge the court has reasonable cause to believe that the defendant has violated a condition of the sentence, it may declare the defendant delinquent and file a written declaration of delinquency." The court may file a declaration of delinquency either sua sponte or upon receipt of "a request for a declaration of delinquency by a probation officer;" the court must "make a decision on such request within seventy-two hours of its receipt" (CPL 410.30). If the court does, in its discretion, issue a declaration of delinquency, the "declaration of delinquency shall interrupt the period of the sentence as of the date of the delinquency . . . until a final determination as to the delinquency has been made by the court" (Penal Law § 65.15 [2]; see also People v Feliciano, 17 NY3d 14, 16 [2011]; People v Douglas, 94 NY2d 807, 808 [1999]; People v Simmons, 169 Misc 2d 223, 225 [Sup Ct 1996]). The period between the issuance of a declaration of deficiency and a final determination is expected to be short: the court must "promptly take reasonable and appropriate action to cause the defendant to appear before it for the purpose of enabling the court to make [such] final determination with respect to the alleged delinquency in accordance with [CPL 410.70]" (CPL 410.30 [emphasis added]). In turn, CPL 410.70 (5), articulates that "[a]t the conclusion of the hearing [for a final determination] the court may revoke, continue or modify the sentence of probation or conditional discharge."
"As our well-established rules of statutory construction direct, we begin our analysis with the language of the statute," understanding that "the text of a provision is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning" (Beck Chevrolet Co., Inc. v General Motors LLC, 27 NY3d 379, 389-390 [2016] [internal quotations omitted]). Here, the text of the relevant statutes is clear. The statutes direct that a violation of probation does not necessarily lead to a declaration of delinquency. CPL 410.30 posits that, upon request, the court "may declare the defendant delinquent" and Penal Law § 65.15 (2) states that "[w]hen a person has violated the conditions of his or her probation . . . and is declared delinquent by the court" the declaration shall toll the probationary sentence ([emphases added]). Because a declaration of delinquency is both discretionary, and distinct from a violation of probation, the absence of a declaration of delinquency is consequential.
Additionally, the plain text sets out that the statutorily allowed tolling period of a probationary sentence begins with a declaration of delinquency issued at the court's discretion and ends with a final determination by the court (see Penal Law § 65.15 [2]). This Court has never squarely addressed whether a declaration of delinquency is the exclusive mechanism to toll probation. However, several lower courts have indicated as much, stating that "a court may not revoke a defendant's probation unless a declaration of delinquency is filed against him prior to the expiration of his probation term" (People v Montgomery, 115 AD2d 102, 103 [3d Dept 1985]; see also People v Quinones, 272 AD2d 228, 229 [1st Dept 2000] ["defendant's probationary term had expired prior to the violation of probation proceeding of July 10, 1995, thereby depriving the court of jurisdiction"]; Simmons (169 Misc 2d at 228 [holding that the sole judicial "mechanism chosen (by the Legislature) to achieve (interrupting a period of probation) [*3]was specified to be the declaration of delinquency"]). Indeed, nothing in Penal Law § 65.15 (2) or CPL 410.30 evinces that there is another mechanism by which to toll probation. As a result, when no declaration of delinquency is issued, the sentence of probation continues to run.
Although we need not look past the unambiguous text, legislative history confirms our reading of the statute. Prior to the passage of Penal Law § 65.15 (2), courts had no mechanism by which to toll a probationary period other than when a probationer had absconded (Commn Staff Notes, reprinted in Proposed NY Penal Law, § 25.15, at 268 [Study Bill, 1964 Senate Int 3918, Penal Law and Criminal Code, Assembly Int 5376] [hereinafter Bartlett Commission] [noting "existing law contain(ed) vague and inadequate provisions for tolling the period of suspension or probation"]). As the penal law previously stood, if a probationary period expired while the court was adjudicating an allegation of a violation of probation or when a defendant was charged with a new offense, the court lacked jurisdiction to revoke probation (id.). As recommended by the Bartlett Commission, the legislature, in an effort to fill this gap, made the calculated choice of a particular judicial mechanism—the declaration of delinquency (id.)[FN1]. Because the court had no mechanism to toll probation prior to the declaration of delinquency, and the legislature provided for only one such mechanism in Penal Law § 65.15, there is no other provision or procedural mechanism that operates as a tolling instrument (see Morales v County of Nassau, 94 NY2d 218, 224 [1999] ["Where the Legislature has spoken, indicating its policy preferences, it is not for courts to superimpose their own"]).
The statutory scheme makes clear that any toll of probation is meant to be brief. Upon receipt of a request from a probation officer to declare a defendant delinquent, the court must decide within 72 hours of receipt, and if a declaration is issued, the court must promptly take steps to have defendant appear before it for a final determination on the alleged delinquency (see CPL 410.30). If a plea could substitute for a declaration of delinquency and toll the probationary period, there is no clear point at which a probationary period would end [FN2]. Consequently, absent a court's decision to revoke probation and sentence Mr. Curry to a period of incarceration, or his own decision to opt for incarceration rather than continued probation, it is unclear when the jurisdiction of the sentencing court would terminate, if ever. That cannot be so. The court's jurisdiction is tied to the probationary period, not the violation of a probation.[FN3]* * *

In Mr. Curry's case, there is no dispute that a declaration of delinquency was never filed by the court. As a result, his probationary sentence was never tolled, and expired on July 5, 2021. When the court revoked Mr. Curry's probation and sentenced him to incarceration on December 14, 2021, it had no jurisdiction to do so. Accordingly, the order of the Appellate Division should be reversed and the judgment of County Court vacated.
Order reversed and judgment of County Court, Monroe County, vacated. Opinion by Chief Judge Wilson. Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided March 17, 2026

Footnotes

Footnote 1: CPL 410.30, in turn, was revised to conform to the provisions of the revised Penal Law (see McKinney's Cons Laws of NY [1971], Book 11A, Statute § 410.30's Practice Commentary, at 145).

Footnote 2: Mr. Curry, absent tolling, is subject to a maximum of five years of probation (see PL § 65.00 [3] [a] [i]).
Footnote 3: Despite jurisdictional limits, the courts are still well-equipped to help defendants receive drug treatment while on probation. Nothing prevents a court's proper use of DTC programs, either during the period while a defendant's probation is properly tolled by a declaration of delinquency, or while a defendant's probationary term continues to run.