■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VIVEN HARRIS, Appellant, v STEPHEN DALSHEIM, as Superintendent of the Ossining Correctional Facility, et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated September 1, 1978, which dismissed the petition. Judgment affirmed, without costs or disbursements. Although a 15-month delay existed between the time a warrant was sent to North Carolina authorities to obtain petitioner, who had absconded, and the lodging of such warrant, petitioner was not deprived of his due process rights to a prompt parole revocation hearing. Petitioner could have acted on his own initiative to expedite matters, and his defense to the charge of parole violation was in no way prejudiced by the delay. Respondents sent the warrant soon after discovering petitioner's whereabouts and monitored the situation in a reasonable manner. Under these circumstances, petitioner, the cause of the problem in the first instance, cannot be heard to complain of the delay (see *People ex rel. Flores v Dalsheim,* 66 AD2d 381). Hopkins, J. P., Damiani, O'Connor and Mangano, JJ., concur.

## THIRD DEPARTMENT, APRIL, 1979

### (April 3, 1979)

■ CAROLYN V. McGAHEE, Appellant, v F. KEITH KENNEDY, Respondent. —Motion for permission to appeal to the Court of Appeals granted, without costs. No issue of fact was considered by this court. Pursuant to CPLR 5713, this court certifies that the following question of law, decisive of the correctness of its determination, has arisen, which in its opinion ought to be reviewed by the Court of Appeals: "Was the order of Special Term, which denied plaintiff's motion for summary judgment, correct as a matter of law?" Kane, J. P., Main, Mikoll and Herlihy, JJ., concur.