■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE BACCHI, Appellant.—Appeal by defendant from an amended judgment of the County Court, Suffolk County (Namm, J.), rendered February 28, 1985, which, after a hearing, found that defendant had violated a special condition of his probation by failing to undergo psychiatric treatment, revoked his sentence of probation, and imposed a definite term of imprisonment of one year.

Amended judgment affirmed.

In July 1979, defendant entered a plea of guilty to sexual

abuse in the first degree in satisfaction of two indictments. He was sentenced to probation for a period of five years, and was directed to abide by certain special conditions, including one that he undergo psychiatric evaluation and/or treatment as deemed necessary by the Department of Probation.

In June 1984, the Suffolk County Department of Probation declared defendant delinquent and filed an affidavit of violation alleging, *inter alia,* that defendant had refused "to complete psychiatric treatment as deemed necessary by the [Department] * * * since on or about June 3, 1981". In August 1984, a hearing was conducted under CPL 410.70, after which the court found that defendant had violated a special condition of his probation.

Upon a review of the record, we agree with the hearing court's conclusion that the prosecution satisfied its burden of proving by a preponderance of the evidence that defendant failed to comply with this special condition of his probation. The undisputed evidence indicates that defendant was discharged from the Town of Babylon's counseling program in or about June of 1981 due to his noncompliance with the program's rules regarding attendance and participation. Despite subsequent requests by his probation officers that he attend another program, defendant failed, without any reasonable explanation, to undergo further treatment.

We find no merit, under the circumstances of this case, to defendant's contention on this appeal that the Probation Department's delay in reporting the violation to the court was tantamount to a waiver of the special condition of his probation. There is no requirement that the Department preserve its position by taking immediate steps upon becoming aware of a delinquency in a probationer's compliance with the conditions of his probation (*see, People v Magno,* 91 Misc 2d 1058, *affd* 71 AD2d 1065; *cf. People v Valle,* 7 Misc 2d 125).

We have considered defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.