◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC K. CHERRY, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Goldstein, J.), rendered January 7, 1987, revoking a sentence of probation previously imposed by the same court upon a finding that the defendant had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment upon his previous conviction of assault in the second degree.

Ordered that the amended judgment is affirmed.

After pleading guilty to assault in the second degree, the defendant was sentenced on December 20, 1982 to one day in prison and five years' probation. Slightly more than two months later, on February 22, 1983, the defendant, together with three other individuals, robbed a supermarket at gunpoint. The defendant was arrested for the crime two weeks later. Subsequently he pleaded guilty in the Supreme Court, Queens County, to attempted robbery in the first degree and was sentenced on December 5, 1983 to 5 to 10 years in prison. However, the defendant was not charged with violation of probation in Kings County until nearly three years after he pleaded guilty to attempted robbery in the Queens County action, the commission of which constituted a violation of his probation. The defendant moved for a dismissal of the charge of violation of probation on the ground of laches. The Supreme Court, Kings County, denied that motion, revoked the defendant's probation and resentenced him to a prison term of 1 to 3 years to run consecutively with the term he was already serving. The defendant now appeals both the court's denial of his motion and the sentence it imposed on him.

The Department of Probation did not waive its authority to charge the defendant with violation of probation by waiting more than three years after the occurrence of the violative act to do so. There is no requirement that the Department of Probation preserve its position by taking immediate steps upon becoming aware of a delinquency in a probationer's compliance with the conditions of his probation (*People v Bacchi*, 112 AD2d 940, *lv denied* 67 NY2d 648). In the instant case, the Supreme Court's revocation of the defendant's probation 11 months prior to the expiration of the five-year probationary period was in accordance with Penal Law § 65.00 (2) which provides that "[t]he court may * * * revoke the sentence at any time prior to the expiration or termination of the period of probation".

Moreover, the delay in charging the defendant with violation of probation did not deprive him of his Sixth Amendment right to a speedy trial because a probation revocation proceeding is not a stage in a criminal prosecution (*Gagnon v Scarpelli*, 411 US 778, 782; *Matter of Darvin M. v Jacobs*, 69 NY2d 957). Similarly, the delay did not deprive the appellant of his due process rights under the Fourteenth Amendment. Although a delay in arresting or lodging charges may in special circumstances impair the right to a fair trial (*People v Fuller*,

57 NY2d 152), the defendant has failed to establish that any special circumstances existed in the instant case.

Finally, we find that the amended sentence was not excessive (see, People v Suitte, 90 AD2d 80). Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.