■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SPENCER HAMMOND, Also Known as EBONIE JONES, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered July 2, 1987, convicting him of criminal possession of stolen property in the second degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no substance to the defendant's contention that the trial court deprived him of his right to a public trial. A review of the record shows that the court summoned the husband of juror number 7, who was a spectator at the trial, to inquire whether he had discussed with his wife the fact that he saw the defendant in handcuffs while the defendant was being taken to the courtroom. The court carefully explained to the spectator that he had a right to remain in the courtroom and that the court's inquiries were not to be interpreted as asking him to leave. Under these circumstances, it cannot be said that the court expressly or impliedly excluded the spectator from the courtroom.

Equally unavailing is the defendant's contention that the court committed reversible error when, in explaining the concept of reasonable doubt to the jury, it charged that, "It is

a doubt for which you can give a reason". There was no objection to the charge and therefore the issue is not preserved for appellate review (CPL 470.05 [2]). In any event the charge was proper as its over-all effect was to properly inform the jury that a reasonable doubt is not one based on a whim, sympathy or some other vague reason *(People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Quinones,* 123 AD2d 793, *lv denied* 69 NY2d 749; *People v Rivera,* 135 AD2d 755, *lv denied* 71 NY2d 901). Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.