■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY HARRIS, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 13, 1986, revoking a sentence of probation previously imposed by the same court (Leone, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree.

Ordered that the amended judgment is affirmed.

The defendant's claim that he was denied due process of law by the Department of Probation's delay in filing violation charges against him is without merit. There is no requirement that the Department preserve its position by taking immediate steps upon becoming aware of a delinquency in a probationer's compliance with the conditions of his probation (see, People v Cherry, 143 AD2d 1028; People v Bacchi, 112 AD2d 940, lv denied 67 NY2d 648). In addition, we note that following the defendant's conviction of the offense upon which the revocation of probation was ultimately based, he was arrested three times within a two-month period. Under these circumstances, it was not inappropriate for the Department of Probation to await disposition of these charges in order to assess the cumulative effect of several potential parole violations (see, United States v Hamilton, 708 F2d 1412).

It was established by a preponderance of the evidence that the defendant was convicted of an additional crime while on probation and thus violated an essential condition thereof (see, CPL 410.10 [2]; 410.70 [3]).

In addition, the hearing court's decision not to recuse itself from the probation violation hearing because of its participation in the defendant's trial on a previous charge which ended in a hung jury and a dismissal was not an improvident exercise of discretion (People v Moreno, 70 NY2d 403; People v Bartolomeo, 126 AD2d 375, lv denied 70 NY2d 702).

We have considered defendant's remaining contention and find it to be without merit. Lawrence, J. P., Eiber, Spatt and Balletta, JJ., concur.