■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD BAUCOM, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered April 15, 1987, convicting him of criminal sale of a controlled substance in the fifth degree under indictment No. 4711/87, upon a jury verdict, and imposing sentence, and from two amended judgments of the same court (Berkowitz, J.), also rendered April 15, 1987, revoking sentences of probation previously imposed by the same court (Chetta, J.), after a hearing, upon a finding that he had violated conditions thereof and imposing sentences of imprisonment upon his previous convictions for criminal possession of stolen property in the fourth degree under indictment No. 411/87 and attempted robbery in the third degree under superior court information No. 2056/87.

Ordered that the judgment and the amended judgments are affirmed.

The defendant, who at trial made no requests and took no exceptions to any portion of the court's instructions to the jury, has failed to preserve for appellate review his contention that the court's charge on reasonable doubt constituted reversible error (see, e.g., People v Hammond, 143 AD2d 1043; People v Brown, 133 AD2d 773; People v Fisher, 112 AD2d 378). In any event, we note that it was not error to instruct the jurors that reasonable doubt existed if they had a doubt upon which they believed "a reasonable person would hesitate to act" (see, People v Quinones, 123 AD2d 792, 793; see also, 1 CJI[NY] 6.20, at 248). Moreover, while it was error to make use of the phrase "reasonable certainty" (see, People v Smith, 113 AD2d 905, 908; cf., People v La Rosa, 112 AD2d 954; People v Morris, 100 AD2d 600), neither the single instance where the trial court did so here nor the other claimed imperfections diluted the effect of the charge, which repeatedly and accurately conveyed to the jury the concept of reasonable doubt (see, People v Canty, 60 NY2d 830; People v Malloy, 55 NY2d 296; see also, People v Hammond, 143 AD2d 1043, supra; People v Brown, 133 AD2d 773, supra; People v Smith, supra).

The defendant's contention that, because of a claimed failure to observe the procedures set forth in CPL 410.70, the sentencing court was without authority to impose terms of imprisonment on two previous convictions for which he was originally sentenced to probation is without merit. The record reflects that in accordance with the statute and due process the defendant was arraigned on the violation of probation statements (see, CPL 410.70 [2]) and that he was afforded an

opportunity to be heard *(see,* CPL 410.70 [1]; *see also, People v Oskroba,* 305 NY 113; *People v Compton,* 42 AD2d 201). We note, moreover, that the defendant's arrest while on probation and his subsequent conviction for criminal sale of a controlled substance in the fifth degree, which we hereby affirm, consti- tute a sufficient basis for revocation of his prior sentences of probation *(see,* CPL 410.10 [2]). Finally, we discern no basis to disturb the sentencing court's direction that the sentence imposed on the latter conviction run consecutively to the two concurrent terms of imprisonment on his previous convictions for criminal possession of stolen property in the fourth degree and attempted robbery in the third degree *(People v Suitte,* 90 AD2d 80). Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.