■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN JOHNSON, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Golden, J.), rendered December 16, 1986, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, after a hearing based upon stipulated facts, and imposing an indeterminate term of 1 to 3 years' imprisonment to run consecutively to any other sentence he is presently serving, upon his previous conviction of attempted burglary in the third degree.

Ordered that the amended judgment is affirmed.

While serving a five-year term of probation that was imposed on August 24, 1981, upon his conviction of attempted burglary in the third degree, after a plea of guilty, the defendant participated in the armed robbery of a Queens supermarket on February 22, 1983. On November 14, 1983 the defendant pleaded guilty to attempted robbery in the first degree with respect to this crime and was thereafter sentenced to an indeterminate term of 4 to 8 years' imprisonment on December 5, 1983.

On or about May 19, 1986, the New York City Department of Probation prepared a specification of an alleged violation of probation with regard to the defendant. This specification was filed with the court, and on July 15, 1986, the defendant was declared delinquent.

At the violation of probation hearing that was conducted on December 16, 1986, the Supreme Court found that the defendant had violated the terms of his probation, revoked the sentence of probation, and imposed an indeterminate term of 1 to 3 years' imprisonment to run consecutively to the sentence of 4 to 8 years' imprisonment he was then serving for his robbery conviction.

The defendant claims on appeal that by failing to file a specification until nearly three years had passed since his

conviction of the crime which constituted the violation of his probation, the Department of Probation violated his right against double jeopardy, his constitutional right to a speedy trial, and his due process right to the speedy lodging of charges. We disagree.

It may simply be stated that the Double Jeopardy Clause is not implicated when a sentence of probation is revoked and a term of imprisonment imposed (see, United States v DiFrancesco, 449 US 117, 137; People v Minaya, 54 NY2d 360).

The defendant's speedy trial claim is similarly meritless. The constitutional right to a speedy trial has been held to apply only to criminal prosecutions (see, Middendorf v Henry, 425 US 25) and a revocation of probation is not considered a stage in a criminal prosecution (see, Gagnon v Scarpelli, 411 US 778; Matter of Darvin M. v Jacobs, 69 NY2d 957). Accordingly, the delay in the revocation of the defendant's probation may not be deemed a violation of the defendant's right to a speedy trial.

The defendant's final constitutional argument—that he was deprived of his due process right to have charges against him lodged promptly—also fails. Although a delay in lodging charges may, under special circumstances, constitute a due process violation, no special circumstances exist in this case (see, People v Fuller, 57 NY2d 152).

We additionally note that the failure of the New York City Department of Probation to take immediate steps to have him adjudicated in violation of his probation did not constitute a waiver of the Department's right to seek such an adjudication (see, People v Cherry, 143 AD2d 1028; People v Bacchi, 112 AD2d 940).

There is no merit to the defendant's contention that the Supreme Court violated Penal Law § 65.00 (2) by revoking the sentence of probation more than five years after that sentence was imposed. Pursuant to Penal Law § 65.15, when a person has violated the conditions of his probation and is declared delinquent by the court, that declaration interrupts the period of the probationary sentence as of the date of the delinquency until the court, after a hearing, renders a final determination as to the delinquency and the revocation of the probationary sentence.

Further, sentence of an indeterminate term of 1 to 3 years' imprisonment to run consecutive to any other term of imprisonment the defendant is presently serving was not excessive (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Bracken, Lawrence and Kooper, JJ., concur.