OPINION OF THE COURT
Anthony A. Scarping, Jr., J.
Defendant moves for an order, pursuant to CPL 180.80, releasing him from custody pending the outcome of a violation of probation proceeding. Specifically, defendant claims that the Department of Correctional Services’ failure to produce him in court on September 18, 1992, because of a "work-to-rule” job action, violated his rights under CPL 180.80 and CPL *962 410.60, and entitles him to immediate release. The People oppose the motion. The motion is denied.
On May 30, 1990, defendant was sentenced to five years’ probation upon his conviction for attempted criminal sale of a controlled substance in the third degree. On July 7, 1992, a petition for violation of probation was filed with the court. A notice of appearance was subsequently issued. On August 28, 1992, the defendant failed to appear for arraignment on the violation of probation and a bench warrant was issued. On September 16, 1992, the bench warrant was executed, the defendant was brought before the court, and the matter was adjourned to September 18, 1992, for assignment of counsel and arraignment. The defendant was remanded on this date. On September 18, 1992, the defendant was not produced in court, apparently because of a "work-to-rule” job action by employees of the Department of Correctional Services. The court suggested that the matter be adjourned to September 25, 1992. Defense counsel did not object to this adjournment or request an earlier date. Without objection, the matter was adjourned to September 25, 1992. On September 25, 1992, the defendant was produced and, after arraignment, demanded immediate release pursuant to CPL 180.80. The court reserved decision pending receipt of a memorandum of law by each of the respective parties.
The defendant’s motion is frivolous and without merit. Defendant has failed to establish that the procedural protections afforded by CPL 180.80 apply to violation of probation proceedings. A plain reading of CPL 180.80 evidences an intent to limit its protections to persons who are in custody pursuant to a felony complaint.
The defendant’s reliance on People v Winslow (140 Misc 2d 210) is misplaced. That case is not controlling in this court, and is obviously distinguishable on its facts since it did not involve a violation of probation proceeding.
Pursuant to CPL 410.50 (1), "[a] person who is under a sentence of probation is in the legal custody of the court that imposed it pending expiration or termination of the period of the sentence.” It has long been recognized that the constitutional rights of a probationer are not the same as others possess (People v Dawson, 73 AD2d 979, citing People v Fortunato, 50 AD2d 38). The only protections afforded to such probationers against rearrest and imprisonment upon an alleged violation of probation are those prescribed in CPL *963 article 410. Thus, CPL 180.80 does not apply to violation of probation proceedings.
In addition, defendant’s claim that he was not "forthwith” produced before the court (CPL 410.60) is incorrect since he was produced before the court on September 16, 1992, upon execution of the warrant.
Finally, assuming arguendo that CPL 180.80 applied, the delay occasioned herein is excludable since the failure to timely "arraign” the defendant on the petition was due to the defendant’s "action” (by failing to appear) and "occurred” with his consent (by reason of defense counsel’s acquiescence in the adjourn date, suggested by the court, which was clearly beyond the 144 hours prescribed in CPL 180.80).
In accordance with the foregoing, and for the additional reasons stated in the People’s memorandum of law, the defendant’s application is in all respects denied.