■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Also Known as JULIO GARCIA, Appellant. [598 NYS2d 225] —Judgment, Supreme Court, New York County (Albert P. Williams, J.), rendered November 20, 1990, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years on each count, unanimously modified, on the law, to vacate the conviction of criminal possession of a controlled substance in the third degree under count two of the indictment and to dismiss that count, and otherwise affirmed.

Contrary to defendant's argument, the evidence before the jury that defendant led the undercover officer to the apartment in question, invited her inside, obtained drugs from that apartment which were packaged in accordance with the undercover officer's response to the co-indictee's inquiry and then sold a quantity of drugs to the undercover officer, sufficiently connected defendant to the drug stash located inside that apartment to support the jury's determination that defendant acted in concert with the co-indictee to possess those drugs with intent to sell them (see, e.g., People v McAllister, 172 AD2d 154, lv denied 77 NY2d 997). However, defendant correctly argues that there was insufficient evidence to find him guilty of possession of the single tinfoil of cocaine recovered from the co-indictee's person, as there was no showing that defendant had any authority over the person of the co-indictee (People v Manini, 79 NY2d 561, 574-575). Thus, defendant's conviction of criminal possession of a controlled substance in the third degree, under count two of the indictment, is vacated.

Defendant failed to object to the court's curative actions with regard to a reported jury problem, or request any further action, and thus failed to preserve any claim of error for appellate review as a matter of law (People v Santiago, 52 NY2d 865, 866). In any event, contrary to defendant's argument, there is no indication that any jurors engaged in "premature deliberations", or that the speculation of certain jurors as to what additional witnesses might be called, or whether the interpreter's translations were accurate in any way frustrated defendant's right to a fair and impartial assessment of the facts (People v Horney, 112 AD2d 841).

We have considered defendant's additional claims of error, and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.