■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACEY YOUNG, Appellant. [653 NYS2d 466] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal sale of a controlled substance in the third degree, defendant contends that Supreme Court gave an erroneous missing witness charge and improperly responded to a question from the jury concerning the missing witness. The court initially instructed the jury that it could consider the fact that the missing witness had been a confidential informant on the question whether that witness was not under the control of the People or was not available (*cf., People v Gonzalez,* 68 NY2d 424, 429-430; *People v Dillard,* 96 AD2d 112). After defense counsel objected, the court instructed the jury that there was no proof that the informant was not physically available to testify for the People. Following the curative instruction, defense counsel neither objected further nor requested a mistrial. "Under these circumstances, the curative instructions

must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944).

During deliberations, the jury sent a note asking whether the defense could have called the confidential informant as a witness. After discussing the note with counsel, the court instructed the jury that, as it had previously indicated, the confidential informant was available to testify; the court then emphasized that the defendant had no burden to call any witnesses. We therefore conclude that the court responded meaningfully to the jury's inquiry (*see, People v Weinberg*, 83 NY2d 262, 267-268; *People v Almodovar*, 62 NY2d 126, 131-132; *People v Timmons*, 213 AD2d 1035, *lv denied* 86 NY2d 741). (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.