■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGH LAWRENCE DOUGLAS, Appellant. [680 NYS2d 551] —Appeal by the defendant, as limited by his motion, from an amended sentence of the Supreme Court, Kings County (Vaughan, J.),

imposed June 3, 1996, revoking a sentence of probation previously imposed by the same court (Corriero, J.), September 14, 1987, upon a finding that he had violated a condition thereof, after a hearing, and imposing a term of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree, on the ground that the amended sentence is both illegal and excessive.

Ordered that the amended sentence is affirmed.

Contrary to the defendant's contention, the filing of the declaration of delinquency in 1991 effectively tolled the expiration of the probationary sentence imposed upon his 1987 conviction (Penal Law § 65.15 [2]; CPL 410.30). Therefore, the court had the authority to adjudicate the defendant to be in violation of the terms of his probation based upon his commission of armed robberies in Nassau County.

Moreover, having failed to object to the amended sentence in 1996 as untimely or in excess of the court's jurisdiction, the defendant's present objections in that regard are unpreserved for appellate review (*see, People v Jordan,* 62 NY2d 825; *People v St. Gelais,* 245 AD2d 318; *People v Caballero,* 240 AD2d 188; *People v Grigas,* 185 AD2d 245; *cf., People v Drake,* 61 NY2d 359). In any event, those objections are without merit. The defendant suffered no demonstrable prejudice and thus it cannot be concluded that the mere delay in prosecuting the violation of probation constituted a violation of due process (*see, People v Taranovich,* 37 NY2d 442; *People v Garcia,* 208 AD2d 425; *People v Johnson,* 184 AD2d 862; *People ex rel. Harris v Dalsheim,* 69 AD2d 911). Finally, the amended sentence is not excessive. Mangano, P. J., Miller, Ritter, Santucci and Krausman, JJ., concur.