OPINION OF THE COURT
Suzanne M. Mondo, J.
This decision addresses what appears to be a case of first impression. The issue before the court is whether, when a declaration of delinquency for a violation of a conditional dis *1032 charge is filed, but the defendant is not returned on the warrant for over three years, the court loses jurisdiction.[1]
PROCEDURAL BACKGROUND
Defendant Oquendo was arraigned in the instant matter on September 2, 1994 for criminal possession of a controlled substance in the seventh degree. On January 12, 1995, the defendant pleaded guilty to attempted criminal possession of a controlled substance in the seventh degree. At that time, he was sentenced to a conditional discharge for a period of one year, with the condition that the defendant complete the Treatment Readiness Program (TRP) (a two-day substance abuse and AIDS-HIV education program), with a jail alternative of 30 days if he failed to comply.[2] The defendant was ordered to report to the office of the Alternative Sentence Program in the courthouse the same day. There he was directed to appear at the TRP facility on March 15 and 16, 1995. However, the defendant failed to appear for the program as required. Thus, on June 26, 1995, a declaration of delinquency was filed and a bench warrant was issued.
Meanwhile, on February 25, 1995, the defendant was arrested on another drug case. He pleaded guilty on that matter on December 12, 1995, at which time he was sentenced to 42 months in jail. On August 20, 1998, the defendant was paroled. Subsequent to his release, the defendant was rearrested on September 24, 1998 (for criminal possession of stolen property in the fifth degree). It was at this time that it was discovered that the defendant had an outstanding bench warrant in the instant matter. The defendant was brought before this court on the same day. The matter was adjourned to September 29th for a hearing on the violation of the conditional discharge to enable the court to sentence the defendant to the 30-day jail alternative.
ARGUMENT
The defendant now moves to dismiss the accusatory instrument arguing that because of the long delay in sentencing him on the violation of the conditional discharge, the court has lost jurisdiction of the matter. Relying upon People ex rel. Harty v *1033 Fay (10 NY2d 374 [1961]), which held that where there is a long unjustified delay in sentencing a defendant the court loses jurisdiction, the defendant claims that the District Attorney’s attempt to resentence him to the 30-day jail alternative for his failure to attend the Treatment Readiness Program “could also be considered the execution of a sentence”. Thus, the defendant contends, because he was not promptly resentenced, the court has lost jurisdiction of his case.[3]
LEGAL ANALYSIS
All the decisions relied upon by the defendant address the situation where a defendant has been convicted, but there has been a long delay until sentencing on the conviction. In the landmark decision People ex rel. Harty v Fay (10 NY2d 374 [1961], supra), there was a 6V2-year delay between the defendant’s plea and his sentence, largely due to the People’s failure to take action. Reasoning that the State “has a strong policy against unreasonable delays in criminal causes” and that “[sentencing is the entry of judgment in a criminal cause”, the Court of Appeals held that “a long and unnecessary failure to sentence is not only an error but results in lack of jurisdiction.” (Supra, at 379 [the court admonished that its ruling “is to be applied to extremely long and unreasonable delays only”].)[4]
The defendant’s reliance upon Fay (supra) and its progeny is misplaced, however. Generally, these cases interpret a defendant’s rights pursuant to CPL 380.30 (1), which provides that “[s]entence must be pronounced without unreasonable delay”. (See, e.g., People v Drake, 61 NY2d 359, 364 [1984], supra; People v Battles, 150 AD2d 785, 786 [2d Dept 1989], supra.) The rights of a defendant who has already been sentenced to a conditional discharge are instead governed by CPL article 410.
*1034 Because there appears to be no case law addressing the rights of a defendant facing revocation of a conditional discharge, the court will turn to decisions interpreting the rights of a defendant when parole is revoked, also governed by CPL article 410. Initially, it should be noted that “[i]t has long been recognized that the constitutional rights of a probationer are not the same as others possess”. (People v Smythe, 155 Misc 2d 961, 962 [Westchester County Ct 1992].) Further, “a revocation of probation is not considered a stage in a criminal prosecution”. (People v Johnson, 159 AD2d 725, 726 [2d Dept 1990].) Thus, the rights of the defendant here are not identical to those of a defendant who was never sentenced for the underlying crime.
Penal Law § 65.05 (2) provides that “if the defendant commits an additional oifense or violates a condition” of the conditional discharge, the court may “revoke the sentence at any time prior to the expiration or termination of the period of conditional discharge.” Clearly, the court did not take action to revoke the instant defendant’s conditional discharge prior to the one year in which it expired. However, Penal Law § 65.15 (2) has a tolling provision, which provides that: “When a person has violated the conditions of his probation or conditional discharge and is declared delinquent by the court, the declaration of delinquency shall interrupt the period of the sentence as of the date of the delinquency and such interruption shall continue until a final determination as to the delinquency has been made by the court pursuant to a hearing held in accordance with the provisions of the criminal procedure law.”
The instant declaration of delinquency was endorsed by the court on June 26, 1995, prior to the expiration of the conditional discharge. Thus, the issue becomes whether the defendant had the right to a speedy adjudication once the declaration of delinquency was filed.
There is a line of decisions from the Appellate Division, Second Department, that holds that “[t]here is no requirement that the Department of Probation preserve its position by taking immediate steps upon becoming aware of a delinquency in a probationer’s compliance with the conditions of his probation” (People v Cherry, 143 AD2d 1028, 1029 [2d Dept 1988], lv denied 73 NY2d 920 [1989]; accord, People v Johnson, 159 AD2d 725, 726 [2d Dept 1990], supra; People v Harris, 145 AD2d 435, 436 [2d Dept 1988], lv dismissed 73 NY2d 855 [1988]). Thus, in People v Johnson (159 AD2d, at 725-726), it was permissible for the Probation Department to wait nearly *1035 three years from the defendant’s conviction on another matter which constituted the violation of probation (two months shy of the expiration of the defendant’s five-year probation), before filing a declaration of delinquency. And in People v Cherry (143 AD2d, at 1029), where the Probation Department also waited three years from the defendant’s plea of guilty on another matter before charging the defendant with violation of probation, the Second Department held that the defendant’s rights were not violated because the probation was revoked prior to expiration. (See also, People v Magno, 91 Misc 2d 1058, 1060-1061 [Suffolk County Ct 1977] [“Nothing suggests a requirement that the probation department take immediate steps to seek revocation of the sentence upon becoming aware that the conditions of probation were violated * * * The court holds it has jurisdiction to act upon the violation report at any time during the period of probation set forth in the sentence imposed”].)
However, the Second Department’s position does not appear to comport with the majority view, or with CPL article 410. CPL 410.30 provides that: “If at any time during the period of a sentence of probation or of conditional discharge the court has reasonable cause to believe that the defendant has violated a condition of the sentence, it may declare the defendant delinquent and file a written declaration of delinquency. Upon such filing, the court must promptly take reasonable and appropriate action to cause the defendant to appear before it for the purpose of enabling the court to make a final determination with respect to the alleged delinquency.” (Emphasis added.) Thus, there is a requirement that delinquency proceedings be commenced promptly. Indeed, one Second Department decision, People v Diaz (101 AD2d 841, 843 [2d Dept 1984]), concedes that “ The court must take prompt “reasonable and appropriate action” to bring [a] defendant before it for [final] adjudication [of a delinquency declaration] and, where a warrant issues pursuant to CPL 410.40, the Department of Probation must use due diligence in [i]ts execution’ [citations omitted]”.
As early as 1957, the Appellate Part of the then Court of Special Sessions held that where the Probation Department charges a defendant with violation of probation, “it is the duty of the probation department to exercise due diligence in” “[alp-plying to the court to have the probation terminated and to have the probationer resentenced” (People v Valle, 7 Misc 2d 125, 129 [Ct Special Sessions, App Part, 1st Dept 1957]). Similarly, in People v Cooper (54 Misc 2d 42, 43 [Dutchess *1036 County Ct 1967]), the court held that, to take advantage of the then Code of Criminal Procedure’s tolling provisions, which extended the period of probation, the Department of Probation “has a duty to use due diligence in executing a warrant for violation of probation”.
In People v Diaz (101 AD2d 841 [2d Dept 1984], supra), the defendant failed to report to his probation officer, absented himself from the treatment facility which he was required to attend as a condition of his probation, failed to appear on scheduled court dates, and disappeared from his home. The Court found that the nearly three-year delay between the filing of the declaration of delinquency and the revocation hearing “was occasioned by the defendant’s own conduct” and “should not be attributed to the Department of Probation”. (Supra, at 843.)
In contrast, in People v Jacks (235 AD2d 247 [1st Dept 1997]), the defendant was sentenced to five years’ probation on June 29, 1988, but the hearing on the violation of probation did not occur until July 14, 1993. Noting that “[t]he trial court adjourned this matter numerous times without defendant’s request or consent, and in the absence of either the defendant * * * or his counsel, causing an unreasonable delay” (at 248), the First Department vacated the violation of probation.[5]
The case most similar to the instant matter is People v Roesler (102 Misc 2d 858 [Crim Ct, NY County 1980]). There the defendant was sentenced to probation on April 17, 1972. When he failed to report to the hospital methadone clinic, attendance at which was a condition of the probation, a declaration of delinquency was filed and a warrant issued on November 20, 1972. The warrant was never executed. On May 10, 1979, on application of the Probation Department, in the absence of the defendant, the defendant’s probation was terminated “ ‘unfavorably ” (at 859). The court emphasized that the defendant, who had been repeatedly rearrested, was frequently in custody and appeared often before the court, each time giving his true name. Yet, on none of those occasions was the warrant brought before the court. (Supra, at 859-860.) Reasoning that “[t]he striking failure to exercise due diligence in this case has long since revoked the tolling effect of the declaration of delinquency” (at 860), the court found that the defendant’s proba *1037 tion had expired. Thus, the court had been without jurisdiction to terminate the probation. (Supra, at 860.)
Similarly, the defendant here was rearrested, appeared in court on numerous occasions, and spent well over two years in custody, yet at no time was his outstanding bench warrant, based on the violation of the conditional discharge, brought before the court. Thus, the People’s delay of over three years in executing the warrant and commencing delinquency proceedings is unreasonable.
CONCLUSION
Accordingly, because there was an unreasonable failure to promptly cause the defendant to appear before the court for a final determination on the alleged delinquency, the court has been deprived of jurisdiction to adjudicate the alleged violation.
Accordingly, the violation of the conditional discharge proceeding is dismissed and the term of the defendant’s conditional discharge is deemed expired.

. Although decisions address the effects of the Probation Department’s failure to promptly commence probation revocation proceedings, none appear to address the effects of a failure to promptly commence proceedings where there has been a violation of a conditional discharge.

. The defendant’s driver’s licence was also revoked for six months.

. The People have not responded to the motion.

. The court elaborated further in People v Drake (61 NY2d 359, 366-367 [1984]), that “[Wjhether dismissal is warranted depends upon the length of the delay and the reasons for it. Generally, where the delay is long and unexplained, the courts will hold it unreasonable * * * Conversely, where the delay is not protracted and plausible reasons are offered to explain it, the courts hold that it is not unreasonable. When there has been an extended delay and there are plausible reasons for it, the various factors involved must be balanced.” Where the delay “is caused by legal proceedings or other conduct of the defendant which frustrates the entry of judgment, it is excusable” (supra, at 366; accord, Matter of Weinstein v Haft, 60 NY2d 625 [1983]; People v Battles, 150 AD2d 785 [2d Dept 1989]).

. The defendant, a paraplegic, was in the custody of the New York City Department of Correction. At times, he would be brought to the courthouse, but had not yet been brought to the courtroom, when the Judge would adjourn the case.