*547 OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the defendant, who was accused of violating the terms and conditions of his probation by committing other crimes, to dismiss this charge upon the grounds that the hearing was not conducted promptly and the procedure employed to conduct the hearing was improper.
The defendant was adjudicated a youthful offender on April 17, 1997, and was sentenced to probation for a period of five years. A violation of probation against the defendant was filed on April 3, 1998, alleging that on March 28, 1998, the defendant planned with other individuals to stage a fight after which all were involved in the crimes of assaults and robbery. On May 14, 1998, the defendant along with three codefendants were indicted for the assaults and robbery, and after two double jury trials, the three codefendants were found guilty and the defendant was found not guilty.
After the defendant was acquitted of the assault and robbery charges on January 13, 1999, the prosecutor on January 19, 1999 indicated he intended to pursue the violation of probation.[1] On February 2, 1999, over the objection of the defendant, the court granted the prosecutor’s request that the determination as to guilt be made from the trial transcript. The transcript was submitted by the prosecutor on May 29, 1999, and on June 22, 1999 the defendant’s attorney forwarded a letter in which he referred to pages and testimony allegedly demonstrating the defendant’s lack of culpability. The transcript was thereafter read by the court. On July 2, 1999 the defendant testified he was not involved in the crimes charged.
This procedure constituted the hearing provided for in CPL 410.70 (1). After the defendant testified, decision was reserved on the issue of guilt and the two challenges to this procedure.
The defendant’s first complaint is that CPL 410.70 (1) was violated by the failure to afford the defendant a prompt hearing, in that approximately 15 months elapsed between the date of the declaration of delinquency and the date the defendant testified. That subdivision, insofar as it is applicable, provides as follows: “The defendant is entitled to a hearing * * * promptly after the court has filed a declaration of delinquency”.
*548 The cases of People v Harris (145 AD2d 435, Iv dismissed 73 NY2d 855), People v Cherry (143 AD2d 1028, Iv denied 73 NY2d 920) and People v Douglas (254 AD2d 300, Iv granted 92 NY2d 1048) militate against the defendant’s argument.
Harris (supra) stated the general proposition that a Probation Department’s delay in filing a violation of probation does not deny a defendant due process of law; Cherry (supra) rejected a defendant’s claim that laches and his right to a speedy trial invalidated the revocation of his probation, where he was charged with a violation almost three years after his conviction for a second crime which served as the basis for the violation; and Douglas (supra) held that a defendant, against whom a declaration of delinquency was filed in 1991, and whose resentence for a probation violation was on June 3, 1996, had failed to object that the proceeding was untimely, but that in any event the objection was without merit.
Although none of these decisions referred to the prompt hearing portion of subdivision (1), they constitute sufficient authority that the delay engendered here does not mandate dismissal of this charge.
The defendant’s second complaint is that CPL 410.70 (3) was violated by the failure to afford the defendant a formal hearing, in that the reading of the trial transcript by the court in lieu of the testimony of witnesses did not constitute a hearing. That subdivision, insofar as it is applicable, provides as follows: “The hearing must be a summary one by the court without a jury”.
In People v Compton (42 AD2d 201), the Appellate Division, Fourth Department, stated that there was no requirement of a formal procedure at the hearing and all that was required was the opportunity for the defendant to deny the charge. In that case, the defendant pleaded not guilty, and at the subsequent “hearing” date the defendant’s attorney argued matters in mitigation of the alleged violation. In response to the Judge’s questions, the defendant conceded that he had violated his probation and that he had committed burglaries while on probation. The revocation of the defendant’s probation was affirmed.
The cases in People v Outley (80 NY2d 702), although they did not involve probation revocation hearings, did involve analogous hearings to determine if a defendant had violated the “no arrest” condition of his release until time of sentence, which would warrant more severe punishment.
The defendant Outley was denied an “evidentiary” hearing, and his sentence was enhanced after the trial court heard the *549 defendant’s attorney explain that the defendant had no intention to violate court orders which were the basis for his arrest for criminal contempt between plea and sentence. The defendant Ogtong likewise was denied an “evidentiary” hearing, and he received a more severe sentence after the defendant’s attorney explained to the court that the defendant’s arrest for a misdemeanor drug possession charge was only a technical violation and that the defendant lacked any intention to violate the court’s “no arrest” condition.[2]
In both instances, the Court of Appeals affirmed the imposition of enhanced sentences, holding that the court conducted an inquiry which gave the defendant the opportunity to show that the arrest was without foundation, that the court had been satisfied of a legitimate basis for the arrest on the new charge, and that it was sufficient that the defendant was given the opportunity to explain the circumstances surrounding the new charge.
Based upon the cases cited, the procedure employed in this case, wherein the trial transcript was read by the court,[3] the defendant’s attorney in his letter pointed out testimony exculpating the defendant and the defendant testified, more than satisfied the requirements for the hearing required by CPL 410.70 (1) to ascertain if the defendant violated the terms and conditions of his probation.
Accordingly, the application of the defendant to dismiss this charge upon the two grounds is denied.

. Because a probation violation proceeding involves a lesser standard of proof, i.e., preponderance of the evidence, from a trial, i.e., beyond a reasonable doubt, the defendant’s acquittal on the assaults and robbery did not preclude the prosecutor’s action (People v Powell, 209 AD2d 645, Iv denied 85 NY2d 865).

. This decision also included the defendant Maietta, but he had been indicted after his interim arrest, so his situation was somewhat different from that of these two defendants.

. It should not be overlooked that this court also presided over the defendant’s trial.