■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HILL, Appellant. [700 NYS2d 699] —Judgment, Supreme Court, New York County (Michael Obus, J., at hearing; Ronald Zweibel, J., at jury trial and sentence), rendered December 5, 1996, convicting defendant of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12½ to 25 years, 12½ to 25 years, 7½ to 15 years, 7½ to 15 years, and 3½ to 7 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant failed to establish that the suppression hearing evidence raised substantial issues about the suggestiveness of the lineup procedure requiring the testimony of the identifying witnesses (*see, People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833). Concur—Williams, J. P., Mazzarelli, Wallach, Andrias and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH SCHERI, Appellant. [701 NYS2d 45] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered July 23, 1993, convicting defendant, after a jury trial, of criminal possession of stolen property in the second degree and criminal possession of a forged instrument in the second degree, and sentencing him to concurrent terms of 1½ to 4½ years, unanimously affirmed.

Defendant's complaints about the court's *Sandoval* ruling are not preserved for review, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court balanced the appropriate factors and properly exercised its discretion. The court properly permitted cross-examination on the basis of prior acts of dishonesty that were highly relevant to credibility notwithstanding their similarity to the charges against defendant (*see, People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292). The prior bad acts were not the subject of pending charges (*compare, People v Betts*, 70 NY2d 289), and, since defendant never raised the issue, the court had no opportunity to ascertain whether or not there was an actual self-incrimination problem and, if so, to fashion a suitable remedy.

Defendant's remaining contention is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Concur—Williams, J. P., Mazzarelli, Wallach, Andrias and Friedman, JJ.