■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LAUDERDALE, Appellant. [787 NYS2d 769]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered August 12, 2002. The judgment convicted defendant, after a nonjury trial, of murder in the first degree, attempted aggravated sexual abuse in the first degree and hindering prosecution in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of murder in the first degree (Penal Law § 125.27 [1] [a] [x]), attempted aggravated sexual abuse in the first degree (§§ 110.00, 130.70 [1] [a]), and hindering prosecution in the first degree (§ 205.65). Contrary to defendant's contention, the verdict is not against the weight of the evidence because of alleged inconsistencies in the testimony of the People's key eyewitness (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). That witness's testimony was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Black, 226 AD2d 1113, 1113 [1996], lv denied 88 NY2d 1019 [1996] [internal quotation marks omitted]; see also People v Wallace, 306 AD2d 802, 802-803 [2003]; People v Garafolo, 44 AD2d 86, 88 [1974]), and thus any inconsistencies were properly resolved by County Court in making its credibility determinations (see People v Horne, 2 AD3d 1399, 1400 [2003], lv denied 1 NY3d 629 [2004]; see also People v Ford, 66 NY2d 428, 439 [1985]). Given the heinous nature of this murder by torture, we decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). Present—Green, J.P., Pine, Hurlbutt, Martoche and Smith, JJ.