■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE L. TORRES, Appellant. [794 NYS2d 242]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered May 7, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It. is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]). Defendant's contention with respect to the *Sandoval* ruling is not preserved for our review (*see* CPL 470.05 [2]; *People v Jackson*, 242 AD2d 462 [1997], *lv denied* 91 NY2d 834 [1997]). In any event, we conclude that Supreme Court "balanced the appropriate factors and properly exercised its discretion" (*People v Scheri*, 268 AD2d 251, 251 [2000], *lv denied* 94 NY2d 952 [2000]). Contrary to the further contention of defendant, he was not denied a fair trial by the statements of a prospective juror that were potentially related to defendant's prior criminal history. After defense counsel argued in chambers that the jury panel had been tainted, the court inquired of the jury panel whether anyone had heard any such information provided by the prospective juror and received no affirmative responses. Thus, no "potential jurors reveal[ed] knowledge or opinions reflecting a state of mind likely to preclude impartial service" (*People v Johnson*, 94 NY2d 600, 614 [2000]). Defense counsel made no further objection and did not request more complete curative action, and thus the matter is deemed to have

been resolved to defendant's satisfaction (*see generally People v Heide*, 84 NY2d 943, 944 [1994]; *People v Young*, 234 AD2d 922, 922-923 [1996], *lv denied* 89 NY2d 1017 [1997]; *People v Rodriguez*, 194 AD2d 304 [1993], *lv denied* 82 NY2d 725 [1993]). The contention of defendant concerning prosecutorial misconduct on summation is not preserved for our review (*see* CPL 470.05 [2]) and, in any event, we reject his contention that he was deprived of a fair trial by prosecutorial misconduct (*see People v Rubin*, 101 AD2d 71, 78 [1984], *lv denied* 63 NY2d 711 [1984]; *see also People v Gates*, 6 AD3d 1062, 1063 [2004], *lv denied* 3 NY3d 659 [2004]). Finally, we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although there were inconsistencies in the evidence, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see generally People v Lauderdale*, 13 AD3d 1173 [2004]; *People v Duffy*, 299 AD2d 914 [2002], *lv denied* 99 NY2d 628 [2003]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.