■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY D. MATOS, Appellant. (Appeal No. 1.) [816 NYS2d 776]—

Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered September 20,

2004. The judgment convicted defendant, upon a jury verdict, of felony driving while intoxicated and two traffic infractions.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, felony driving while intoxicated (DWI) (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]) and, in appeal No. 2, he appeals from a contemporaneously entered judgment revoking his probation in connection with an earlier conviction of DWI and resentencing him to a term of incarceration. The record does not support the contention of defendant in appeal No. 1 that Supreme Court deprived him of a fair trial and evinced bias in favor of the prosecution by its rulings and commentary during the suppression hearing and trial (*see People v Maxam*, 301 AD2d 791, 793 [2003], *lv denied* 99 NY2d 617 [2003]; *People v Darling*, 276 AD2d 922, 924 [2000], *lv denied* 96 NY2d 733 [2001]). Also contrary to the contentions of defendant in appeal No. 1, he was not deprived of a fair trial by prosecutorial misconduct on summation (*see People v Torturica* [appeal No. 2], 23 AD3d 1040, 1041 [2005]; *People v Torres*, 17 AD3d 1046, 1047 [2005], *lv denied* 5 NY3d 811 [2005]), nor did the court take judicial notice of an element of the charged violation of speeding when it instructed the jury that the speed limit was 40 miles per hour at the location at issue. Rather, the court properly marshaled the undisputed evidence for the permissible purpose of "explain-[ing] the application of the law to the facts," and the court properly instructed the jurors with respect to "the material legal principles applicable to the particular case" (CPL 300.10 [2]). We have considered defendant's remaining contentions with respect to appeal No. 1 and conclude that they are without merit.

Contrary to the contention of defendant in appeal No. 2, the court did not violate his right to notice of the probation violation charges and his right to a hearing on those charges when the court determined, immediately following its receipt of the jury's verdict finding defendant guilty of felony DWI, that defendant had violated the conditions of his probation (*see generally People v Minard*, 161 AD2d 607 [1990], *lv denied* 76 NY2d 861 [1990]; *People v Baucom*, 154 AD2d 688, 688-689 [1989], *lv denied* 75 NY2d 767 [1989]; *People v Harris*, 145 AD2d 435, 436 [1988], *lv dismissed* 73 NY2d 855 [1988]; *People v Halaby*, 77 AD2d 717, 717-718 [1980]). The record establishes that defendant had received notice of the probation violation charges two months before the final determination (*see* CPL 410.30, 410.40

[1]), and that defendant was present when the court pronounced him in violation of his probation based on the jury verdict finding him guilty of the new crime of felony DWI. Defendant thereby was afforded the requisite opportunity to be heard concerning the charged violation of probation, i.e., "an opportunity to attack or deny the charge" (*People v Oskroba*, 305 NY 113, 117 [1953], *rearg denied* 305 NY 696 [1953]; *see People v Donato*, 112 AD2d 535 [1985], *lv denied* 66 NY2d 918 [1985]; *People v Petersen*, 53 AD2d 935, 935-936 [1976]). Moreover, the jury verdict established by a preponderance of the evidence that defendant had committed an additional crime while on probation (*see* CPL 410.70 [3]) and thus had violated an essential condition of the terms of his probation (*see* CPL 410.10 [2]; *Baucom*, 154 AD2d at 689; *Harris*, 145 AD2d at 436). Present— Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Hayes, JJ.