People v Ahluwalia (2020 NY Slip Op 03620)





People v Ahluwalia


2020 NY Slip Op 03620


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Renwick, J.P., Mazzarelli, Webber, Kern, Moulton, JJ.


4705/15 11718A 30008/16 11718

[*1] The People of the State of New York, Respondent,
v
Santinderpal Ahluwalia also known as Satinderpal Ahluwalia, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered November 21, 2016, convicting defendant, after a jury trial, of operating a motor vehicle while under the influence of alcohol and aggravated unlicensed operation of a motor vehicle in the first degree, and sentencing him to an aggregate term of 2&frac13; to 7 years, unanimously affirmed. Judgment of resentence (same court and Justice), rendered November 21, 2016, as amended February 10, 2017, revoking a prior sentence of probation and resentencing defendant to a consecutive term of 1&frac13; to 4 years, unanimously modified, on the law, to the extent of remanding for resentencing for pronouncement of sentence on both of the convictions upon which probation was revoked, and otherwise affirmed.
Defendant's claim that the evidence was legally insufficient to prove he was intoxicated is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There was ample evidence of defendant's intoxication, including police testimony that defendant drove the wrong way on a one-way street, had watery and bloodshot eyes, smelled of alcohol on his breath, was unsteady on his feet, had trouble standing, and slurred his speech. Furthermore, defendant's refusal to submit to a breath test was properly admissible (see Vehicle and Traffic Law § 1194[2][f]).
The court's Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]). Also, because the prior convictions raised the present driving while intoxicated charge to a felony, and because defendant refused to admit to those convictions outside the jury's presence (see CPL 200.60[3][b]), those convictions were placed in evidence as part of the People's case. In addition, the People had a good faith basis for inquiring into whether defendant had previously asserted false medical excuses for refusing intoxication tests. That matter was probative of defendant's credibility, because he made similar medical claims in connection with the present arrest.
Defendant's claim that the court revoked a sentence of probation for a prior conviction without following the procedures set forth in CPL 410.70 requires preservation (see People v Gianni, 94 AD3d 1477, 1477 [4th Dept 2012] lv denied 9 NY3d 973 [2012]; see also People v Kyem, 272 AD2d 136 [1st Dept 2000] lv denied 95 NY2d 836 [2000]), and we decline to review it in the interest of justice. As an alternative holding, we find that the record establishes that the court complied with CPL 410.70 by finding that defendant had violated a condition of his probation as the result of the present conviction after trial (see People v Matos, 28 AD3d 1120, 1121-22 [4th Dept 2006]).
The People agree that defendant should be resentenced on the violation of probation for the sole purpose of pronouncing sentence separately for each of the two counts upon which [*2]probation was revoked.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK